CV 14 2855

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X
HENDY COHN, on behalf of herself
and the classes defined herein,

        Plaintiff,

v.

NEW CENTURY FINANCIAL SERVICES, Inc. and
PRESSLER & PRESSLER, LLP

        Defendants.
------------------------------------------------------X

<u>**CLASS ACTION COMPLAINT**</u> REYES, M.J



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 06 2014 ★
BROOKLYN OFFICE

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants New Century Financial Services, Inc. ("New Century") and Pressler & Pressler, LLP ("Pressler"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue in this District is proper because the events giving rise to this lawsuit occurred within this District.

## PARTIES

5. Plaintiff, Hendy Cohn ("Cohn"), is an individual who resides in the State of New York, Kings County.

6. At all relevent times herein, Plaintiff is a natural person and a "consumer" as that term is defined in 15 U.S.C §1692 a(3).

7. Upon information and belief, Pressler is a foreign limited liability partnership law firm with offices located at 7 Entin Road, Parsippany, New Jersey 07054.

8. Upon information and belief, Pressler is engaged in the business of collecting defaulted debts.

9. Upon information and belief, Pressler collects debts for others.

10. According to a website maintained by Pressler, http://www.pressler-pressler.com/, as of April 24th, 2014, Pressler provides a "total retail collection environment".

11. Pressler holds itself out as a debt collector, as that term is defined by 15 U.S.C. §1692a(6).

12. Upon information and belief, New Century is located at 110 South Jefferson Road, Suite 104, in Whippany, New Jersey 07981.

13. According to a website maintained by New Century, https://www.ncfsi.com/, as of April 24th, 2014, New Century purchases defaulted debt.

14. New Century is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

15. Shortly after October 28, 2013, Plaintiff received the attached letter from Pressler on behalf of New Century attempting to collect a debt in part by referencing a summons

and complaint which was filed in the Civil Court of the City of New York- County of Kings. (See letter attached hereto and incorporated herein by reference as "Exhibit A").

16. Exhibit A is a communication, as that term is defined under 15 U.S.C. §1692a(2).

17. In sending Exhibit A, Pressler on behalf of New Century sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal Citibank account.

18. Said financial obligation is a debt as defined under 15 U.S.C. §1692a(5).

19. Exhibit A was sent to plaintiff as part of an agreement or understanding between Pressler and New Century.

20. Exhibit A states in part, "Amount Sought: $7,844.28 which includes filing and service costs of $175.00".

21. At the time that Exhibit A was sent, Defendants were not entitled to seek filing or service costs.

22. At the time that Exhibit A was sent, the balance on Plaintiff's account was not $7,844.28.

23. New York law only entitles New Century to receive costs in the state court action after judgment has been entered.

24. At the time that Exhibit A was sent, judgment had not been entered against Cohn.

25. At the time Pressler attempted to collect the debt from Plaintiff, Pressler was not authorized to conduct business in the State of New York as its Registration had been

revoked. (See Entity Information Page from the New York State Department of State website, attached hereto and incorporated herein by reference Exhibit B.)

26. Exhibit A is a standard form document.

27. More than 100 examples of Exhibit A have been sent out during the last 12 months.

28. Documents in the form represented by Exhibit A are regularly sent to collect delinquent debts.

## CLAIMS FOR RELIEF
## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Exhibit A violates 15 U.S.C. §§1692, 1692e and 1692f.

31. The FDCPA is from the perspective of the least sophisticated consumer.

32. 15 U.S.C. §1692e, entitled False or Misleading Representations provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....
>
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

33. Defendants violated the above provision of the statute by misrepresenting the character and amount of the debt.

34. Defendants violated the above mentioned provision of the statute by falsely claiming to be entitled to the $175 filing and service costs at the time they sent out Exhibit A.

35. Section 1692f entitled Unfair Practices states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

36. Defendants violated the above provision of the statute, by adding an unauthorized, unwarranted, excessive, and unlawful $175 charge to the account.

37. Since Pressler was not authorized to conduct business within the State of New York, and nevertheless attempted to collect Plaintiff's debt, Pressler violated one or more provisions of the FDCPA.

38. Defendants are liable to the plaintiff for statutory damages pursuant to 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The attempt to collect a debt by the law firm of Pressler when it is still not

authorized to do business in New York, constitutes a deceptive or materially misleading activity that is directed at consumers in general and caused consumers to suffer an injury.

41. As a result of the defendants willful and intentional conduct, Plaintiff is entitled to damages pursuant to GBL § 349 of $50 trebled, and a declaratory judgment enjoining Pressler and New Century from continuing to violate GBL § 349.

## CLASS ALLEGATIONS

42. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

43. The first class consists of (a) all individuals (b) with a New York address who have incurred a consumer debt (c) who have received a letter in the form of Exhibit A (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

44. The second class consists of all individuals with a New York address who Pressler has attempted to collect a debt from.

45. The third class consists of all individuals with a New York address who Pressler on behalf of New Century has attempted to collect a debt from.

46. The classes are so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members in each of the 3 classes.

47. There are questions of law and fact common to the classes, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA and whether Pressler violated GBL 349 by collecting debts while not being allowed to.

48. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

49. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

50. A class action is superior for the fair and efficient adjudication of this matter, in that:

  a. Individual actions are not economically feasible;

  b. Members of the class are likely to be unaware of their rights;

  c. Congress and New York State intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

  (1) Statutory damages, actual damages;

  (2) Attorney's fees, litigation expenses and costs of suit;

  (3) Such other and further relief as the Court deems proper.

Dated: New York, New York
April    2014
May 2nd

**The Law Offices of Shimshon Wexler, PC**

By: _____
Shimshon Wexler
Attorney for Plaintiff
216 West 104th St. #129
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

*Exhibit A* (handwritten)

```
MAURICE B. PRESSLER(1930-2003)       PRESSLER AND PRESSLER, L.L.P.       GERMAN ROSENCRANC (NJ & NY)    DALE L. GELDER
SHELDON H. PRESSLER                        COUNSELLORS AT LAW            MICHAEL J. PETERS (NJ & NY)    RITA E. AYOUB
--------                                       7 Entin Road              GINA N. LO SUE (NJ & NY)      STEVEN LANG
GERARD J. FELT                          Parsippany, NJ 07054-5020         EDWARD STOCK (PA ONLY)        ERICA L. FIELDS
STEVEN P. MCCABE                            Off: (973) 753-5100           CHRISTOPHER P. ODOGBILI       DARYL J. KIPNIS
LAWRENCE J. MCDERMOTT, JR.                  Fax: (973) 753-5353           RALPH GULKO (NJ, NY & PA)     FAITH E. SNYDER
DAVID B. WARSHAW                              ----------                  JOSEPH VALENZUELA (NJ & NY)
--------                          NY Office                  PA Office   CRAIG S. STILLER (NY ONLY)
MITCHELL L. WILLIAMSON (NJ & NY)  305 Broadway                            NICHOLAS J. MADONIA (NJ & NY)
FRANCIS X. GRINES (NJ & PA)       9th Floor              804 West Avenue  ------------------------------
DARREN N. TANAKA (NJ & NY)        New York, NY 10007    Jenkintown, PA 19046   OFFICE HOURS:
JOSEPH L. D'AURIZIO (DC, FL, NJ & NY)  Off: (516)222-7929    Off: (215)576-1900   Monday-Thursday: 8am-9pm
MITCHELL E. ZIPKIN (NJ & NY)      Fax: (973)753-5353     Fax: (215)576-7299     Friday: 8am-7pm
                          Reply to [X] NJ Office [ ] NY Office [ ] PA Office   Saturday: 9am-2pm
```

10/28/13

HENDY COHN
85 S 9TH ST APT 6A
BROOKLYN, NY 112496007


Re: NEW CENTURY FINANCIAL SERVICES, INC. vs HENDY COHN
Civil Court of the City of New York
County Of KINGS
Index Number 056805/13
P&P File No C262175
Amount Sought: $7,844.28 which includes filing and service costs of $175.00
Acct # 0374350018304458
Original Creditor CITIBANK, NA

Dear HENDY COHN :

Enclosed please find a copy of the summons and complaint filed with CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF KINGS .

Should you have any questions, please feel free to contact me at 1-888-312-8600 Ext 5301 or anyone in my department at Ext 5656.

Very truly yours,

PRESSLER and PRESSLER, LLP

S/Mitchell E. Zipkin

Mitchell E. Zipkin
Enc.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

"Exhibit B"

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through April 30, 2014.

Selected Entity Name: PRESSLER & PRESSLER, LLP
Selected Entity Status Information

**Current Entity Name:** PRESSLER & PRESSLER, LLP
**DOS ID #:** 3493552
**Initial DOS Filing Date:** MARCH 22, 2007
**County:**
**Jurisdiction:** NEW JERSEY
**Entity Type:** FOREIGN REGISTERED LIMITED LIABILITY PARTNERSHIP
**Current Entity Status:** INACTIVE - Revocation of Registration (Jul 25, 2012)

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
PRESSLER & PRESSLER, LLP
16 WING DRIVE
CEDAR KNOLLS, NEW JERSEY, 07927

**Principal Executive Office**
PRESSLER & PRESSLER, LLP
16 WING DRIVE
CEDAR KNOLLS, NEW JERSEY, 07927

**Registered Agent**
NONE

*Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| No Information Available | | |

*Stock information is applicable to domestic business corporations.

"Exhibit B"

**Name History**

**Filing Date**   **Name Type**   **Entity Name**
MAR 22, 2007   Actual   PRESSLER & PRESSLER, LLP

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us