P&P File # C269997

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (Brooklyn)
=========================================

| | |
|---|---|
| **HENDY COHN, on behalf of herself and The classes defined herein** : | 1:14-cv-02855 (RRM)(RER) |
| Plaintiff : | **ANSWER ON BEHALF OF PRESSLER & PRESSLER, LLP** |
| vs. : | |
| **NEW CENTURY FINANCIAL SERVICES, INC. and PRESSLER & PRESSLER, LLP** : | |
| Defendants : | |

=========================================

**Defendant, Pressler and Pressler, L.L.P.**, ("Pressler") by way of answer to Plaintiff's complaint (the "Complaint") says:

## INTRODUCTION

1.      This answering Defendant denies any factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

2.      This answering Defendant denies any factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

## JURISDICTION AND VENUE

3.      This answering Defendant denies any factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

4.      Admitted.

## PARTIES

5.      This answering Defendant neither admits nor denies this paragraph which makes allegations regarding Plaintiff's domicile and status and leaves plaintiff to her proofs. As to those

allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

6. This answering Defendant neither admits nor denies this paragraph which makes allegations regarding Plaintiff's domicile and status and leaves plaintiff to her proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

7. Admitted that Pressler is a law firm is located in the State of New Jersey with a principal location at 7 Entin Road, Parsippany and offices located at 305 Broadway, New York City and is engaged in the practice of law and has among its clients parties seeking to collect past due consumer accounts. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

8. Admitted that Pressler is a law firm is located in the State of New Jersey with a principal location at 7 Entin Road, Parsippany and offices located at 305 Broadway, New York City and is engaged in the practice of law and has among its clients parties seeking to collect past due consumer accounts. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

9. Admitted that Pressler is a law firm is located in the State of New Jersey with a principal location at 7 Entin Road, Parsippany and offices located at 305 Broadway, New York City and is engaged in the practice of law and has among its clients parties seeking to collect past due consumer accounts. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

10. This answering Defendant neither admits nor denies this paragraph and leaves Plaintiff to her proofs. This answering Defendant refers all questions of law to the Court to be argued and decided at the appropriate time.

11. Admitted that Pressler is a law firm is located in the State of New Jersey with a principal location at 7 Entin Road, Parsippany and offices located at 305 Broadway, New York City and is engaged in the practice of law and has among its clients parties seeking to collect past due consumer accounts. As to those allegations which contain legal arguments and call for

determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

12. To the extent the allegations in this paragraph relate to other parties to this action this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies the allegations contained within this paragraph. To the extent this allegation is directed to this answering Defendant, Admitted. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

13. To the extent the allegations in this paragraph relate to other parties to this action this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies the allegations contained within this paragraph. To the extent this allegation is directed to this answering Defendant, Admitted. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

14. To the extent the allegations in this paragraph relate to other parties to this action this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies the allegations contained within this paragraph. To the extent this allegation is directed to this answering Defendant, Admitted. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

## FACTS

15. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

16. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal

arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

17. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

18. This answering Defendant neither admits nor denies this paragraph and leaves plaintiff to her proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

19. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

20. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

21. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

22. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

23. This answering Defendant denies any factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

24. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

25. Denied.

26. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

27. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

28. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this

time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

## CLAIMS FOR RELIEF
## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. This answering Defendant repeats and incorporates by reference all responses made in the above paragraphs.

30. This answering Defendant admits it sent correspondence in the form annexed hereto as Exhibit "A" dated October 28, 2013 to one Hendy Cohn. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time. All other factual assertions are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and this answering Defendant refers all questions of law to the Court.

31. This answering Defendant neither admits nor denies this paragraph which contains no factual allegations and consists solely of inappropriate general legal argument and characterizations as to the meaning of certain federal statutes. Defendant refers all questions of law to the Court to be argued and decided at the appropriate time.

32. This answering Defendant neither admits nor denies this paragraph which contains no factual allegations and consists solely of inappropriate general legal argument and characterizations as to the meaning of certain federal statutes. Defendant refers all questions of law to the Court to be argued and decided at the appropriate time.

33. Denied.

34. Denied.

35. This answering Defendant neither admits nor denies this paragraph which contains no factual allegations and consists solely of inappropriate general legal argument and characterizations as to the meaning of certain federal statutes. Defendant refers all questions of law to the Court to be argued and decided at the appropriate time.

36. Denied.

37. Denied.

38. Denied.

## COUNT II
### VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW §349

39. This answering Defendant repeats and incorporates by reference all responses made in the above paragraphs.

40. Denied.

41. Denied.

### CLASS ALLEGATIONS

42. Admitted in part and denied in part. This answering Defendant admits that Plaintiff is attempting to assert class claims in accordance with Fed. R. Civ. P. 23 on behalf of a class. This answering Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against this answering Defendant and leaves Plaintiff to her burden of proof.

43. Admitted in part and denied in part. This answering Defendant admits that Plaintiff is attempting to assert class claims in accordance with Fed. R. Civ. P. 23 on behalf of a class. This answering Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against this answering Defendant and leaves Plaintiff to her burden of proof.

44. Admitted in part and denied in part. This answering Defendant admits that Plaintiff is attempting to assert class claims in accordance with Fed. R. Civ. P. 23 on behalf of a class. This answering Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against this answering Defendant and leaves Plaintiff to her burden of proof.

45. Admitted in part and denied in part. This answering Defendant admits that Plaintiff is attempting to assert class claims in accordance with Fed. R. Civ. P. 23 on behalf of a class. This answering Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against this answering Defendant and leaves Plaintiff to her burden of proof.

46. Denied. This answering Defendant denies these allegations as it lacks sufficient information or belief as to the truth or falsity of these allegations and leaves Plaintiff to her burden of proof.

47. Denied. This answering Defendant denies that there are common questions of law or fact that predominate over questions affecting individual class members, to the extent such members exist or to the extent that Plaintiff is able to assert a viable claim against this answering Defendant.

48. Denied. This answering Defendant denies that there are common questions of law or fact that predominate over questions affecting individual class members, to the extent such members exist or to the extent that Plaintiff is able to assert a viable claim against this answering Defendant.

49. Denied.

50. Denied.

**WHEREFORE** This answering Defendant, prays for an order denying Plaintiff's request to certify the proposed class and against Plaintiff or her counsel to represent any class certified, and pray for judgment in this answering Defendant's favor against Plaintiff dismissing the Complaint in its entirety, and awarding this answering Defendant's costs and attorneys' fees.

## **SEPARATE AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state facts sufficient to constitute a claim under State or Federal Statutory Law.

2. Plaintiff fails to state facts sufficient to constitute a claim for which relief may be sought.

3. Any damages allegedly sustained by Plaintiff were a result of actions by 3rd parties over whom this answering Defendant had no dominion or control. Without limitation see Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6)(C).

4. The claims of Plaintiff or of individual members of the putative class relating to events prior to May 7, 2013 are barred by 15 U.S.C. §1692k(d), the one year statute of limitations as a matter of law under the FDCPA.

5. The Complaint and/or the claims of individual members of the putative class are barred in whole or in part by virtue of the applicable statute(s) of limitations.

6. This answering Defendant violated no duty owed to the Plaintiffs.

7. This answering Defendant reserves the right to amend this answering pleading following the receipt of discovery.

8. This answering Defendant complied with all applicable statutes regarding the collection of the underlying debt.

9. By her own actions and otherwise Plaintiff is not entitled to equitable relief.

10. The Complaint and/or claims of individual members of the putative class are barred by virtue of the *Rooker-Feldman* doctrine.

11. The Complaint and/or claims of individual members of the putative class are barred by virtue of the doctrine of estoppel.

12. The Complaint and/or claims of individual members of the putative class are barred by virtue of the doctrine of laches.

13. The Complaint and/or claims of individual members of the putative class are barred by virtue of the doctrine of res judicata.

14. Plaintiff failed to take the pre-requisite steps necessary to make a claim under the FDCPA, 15 U.S.C.A. §1692 et seq.

15. This answering Defendant made no material misrepresentations.

16. Plaintiff did not rely on any representation made by This answering Defendant.

17. To the extent Plaintiff claims to or did in fact rely upon any representations by This answering Defendant such reliance was unjustified.

18. This answering Defendant denies the injuries and damages allegedly sustained by Plaintiff resulted from any actions by This answering Defendant.

19. The Complaint and/or the claims of the individual members of the putative class are barred because Plaintiff and/or individual members of the putative class have not suffered any damages.

20. Plaintiff and/or individual members of the putative class have failed to exercise reasonable diligence to mitigate their alleged damages and/or injuries. To that extent, Plaintiff and/or the individual members of the putative class may not recover damages from this answering defendant.

21. If and to the extent Plaintiff and/or individual members of the putative class have suffered the damages alleged in the Complaint, their own negligence and/or willful misconduct directly and proximately caused or contributed to some or all of its claimed damages.

22. The Complaint and/or claims of the individual members of the putative class are barred as against this answering Defendant because the damages, if any, suffered by Plaintiff and/or individual members of the putative class were the direct and proximate result of third parties over whom This answering Defendant exercised no control.

23. The Complaint and/or claims of the individual members of the putative class are barred as against this answering Defendant because this answering Defendant was not the legal or proximate cause of the damages, if any, suffered by Plaintiff and/or individual members of the putative class.

24. Plaintiff is not entitled to punitive damages as a matter of law under the FDCPA, 15

U.S.C.A. §1692 et seq. or otherwise generally.

25. The Complaint does not describe the claims made against this answering Defendant with sufficient particularity to enable it to determine what defenses may apply in response to Plaintiff's claims.

26. In the event that Plaintiff is able to adequately plead a violation of the FDCPA, her individual entitlement to statutory damages is capped at $1,000 per action, not per violation. See Goodmann v. Peoples Bank, et al., 209 Fed. Appx. 111 (3d Cir. 2006); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994).

27. Plaintiffs and/or individual members of the putative class are not entitled to injunctive relief as a matter of law under the FDCPA, 15 U.S.C.A. §1692 et seq. or otherwise generally.

28. This answering Defendant asserts on information and belief that Plaintiff's claims were brought in bad faith and for the purposes of harassment and this answering Defendant requests an award of attorneys fees and costs pursuant to 15 U.S.C.A. §1962k(a)(3) and Sanctions pursuant to FRCP 11.

29. The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action, fails to allege any claim that can be prosecuted as a class action, and otherwise fails to satisfy the requirements of class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30. Plaintiff's class action claims fail because the questions of law and fact presented in the Complaint are not common to the putative class.

31. Plaintiff's class action claims fail because each member of the putative class expressly waived any right to pursue claims on a class or representative basis.

32. The Complaint and/or the claims of individual members of the putative class are barred because granting the relief sought would unjustly enrich Plaintiff and/or the individual members of the putative class.

33. This answering Defendant alleges that there is presently insufficient knowledge or information upon which to form a belief as to whether there may have additional, as yet unstated, affirmative defenses available. This answering Defendant reserves the right to assert additional affirmative defenses in the event discovery or clarification of Plaintiff's claims indicate that same would be appropriate.

34. Discovery will disclose that the individually named Plaintiff is not an adequate class representatives.

35. Plaintiff's class action claims fail because her individual claims are not common to the putative classes' claims and would therefore fail the commonality requisite for class certification.

36. Plaintiff's class action claims fail because her individual claims are atypical of the putative classes' claims and would fail the typicality requisite for class certification.

37. Plaintiff's class action claims fail because they lack requisite numerosity.

38. Plaintiff's class action claims fail because class treatment is grossly inferior to individual treatment in this case.

Dated: July 21, 2014

_____s/Mitchell L. Williamson__

Mitchell L. Williamson, Esq.
Pressler and Pressler, L.L.P.
**Attorneys for Defendant,**
**Pressler & Pressler, LLP**

| | |
|---|---|
| 7 Entin Road | 305 Broadway, 9th Floor |
| Parsippany, New Jersey 07054 | New York, NY 10007-1158 |
| Telephone: (973) 753-5100 | Telephone: (516) 222-7929 |
| Facsimile:  (973) 753-5353 | Facsimile:  (516) 753-5353 |
| mwilliamson@Pressler-Pressler.com | |