| | **PRESSLER AND PRESSLER, LLP** | | |
|---|---|---|---|
| MAURICE H. PRESSLER (1936-2002) | COUNSELLORS AT LAW | GERMAN ROZENCRANC (NJ & NY) | RITA E. AYOUB |
| SHELDON H. PRESSLER | 7 Entin Rd. | MICHAEL J. PETERS (NJ & NY) | STEVEN A. LANG |
| ------------------ | Parsippany, NJ 07054-5020 | GINA M. LO BUE (NJ & NY) | ERICA L. FIELDS |
| GERARD J. FELT | Off: (973) 753-5100 | LORI R. CETANI (NJ & NY) | DARYL J. KIPNIS |
| STEVEN P. McCABE | Toll Free: (888)312-8600 | CHRISTOPHER P. ODOGBILI | NIMA ASHTYANI (NJ & NY) |
| LAWRENCE J. McDERMOTT, JR. | Fax: (973) 753-5353 | RALPH GULKO (NJ, NY & PA) | |
| DAVID B. WARSHAW (NJ, NY & MA) | | CRAIG S. STILLER (NY & PA) | |
| ------------------ | *NY Office:*        *PA Office* | NICHOLAS J. MADONIA (NJ & NY) | |
| MITCHELL L. WILLIAMSON (NJ & NY) | 305 Broadway, 9th Floor      804 West Avenue | | |
| FRANCIS X. GRIMES (NJ & PA) | New York, NY 10007      Jenkintown, PA 19046 | | OFFICE HOURS: |
| DARREN H. TANAKA (NJ & NY) | Office: (516)222-7929      Office (215)576-1900 | | Monday-Thursday: 8am-9pm |
| JOANNE L. D'AURIZIO (DC, FL, NJ & NY) | Fax: (973)753-5353      Fax: (215) 576-7299 | | Friday: 8am-7pm |
| EDWARD STOCK (PA ) | E-MAIL: Pressler@Pressler-Pressler.com | | Saturday: 9am-2pm |

*Please Reply To:*
[X] New Jersey Office  [ ] New York Office  [ ] Pennsylvania Office

September 22, 2014

*Via ECF*
Hon. Ramon E. Reyes, Jr., U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Brooklyn, New York 11201

      Re:    **Hendy Cohn v. New Century Financial Services, Inc. and Pressler & Pressler, LLP**
             United States District Court for the Eastern District of New York (Brooklyn)
             Civil Action No. 1:14-cv-02855 (RRM)(RER)
             P&P File # C269997

Dear Judge Reyes:

This office represents Defendants New Century Financial Services, Inc. ("NCFSI") and Pressler & Pressler, LLP. ("Pressler") in the above referenced matter. Pursuant to Your Honor's Individual Motion Practice and Rules, Section III – B, kindly accept this letter as Defendants, request for a pre-motion conference.

Plaintiff has filed a putative class action complaint ("Complaint") alleging various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). (ECF Doc. 1). Based upon the nature of the allegations therein, Defendants seek leave to file a motion under Fed. R. Civ. P. 12(c).

**Brief factual background**

On or about July 15, 2013, Defendant NCFSI obtained Plaintiff's defaulted Citibank account ending in the #4458 and immediately referred it to Defendant Pressler for collection. On July 23, 2013 Pressler sent correspondence to Plaintiff at her address of 85 South 9th St., Brooklyn, N.Y. 11249 advising her of same. There was no response to said correspondence, and subsequently Pressler caused to be filed in the City Court of the City of New York, County of Kings, an action entitled New Century Financial Services, Inc. v Hendy Cohn, Index no. 056805/13. The complaint identified $7,669.28 (the charge off balance) as the amount due and owing and also requested the court award plaintiff NCFSI the "costs and disbursements" of the action. Pursuant to the Affidavit of Service the complaint was served on a "co-occupant" of Ms. Cohn on October 17, 2013 and was also mailed by the process server on that same date. On October 28, 2013, Pressler sent an additional copy of the Summons and Complaint, along with a transmittal letter (Exhibit "A" to the instant complaint. ECF #1) which stated in the reference information that the "amount sought in the complaint was $7,844.28 which includes filing

*Hon. Ramon E. Reyes, Jr., U.S.M.J.*
*1:14-cv-02855*
*September 22, 2014*
*Page 2*

and service costs of $175.00." The aforementioned quoted language serves as the gravamen of Plaintiff's instant complaint (hereinafter sometimes referred to as the "Language"). No answer or other response was submitted by the instant Plaintiff and on January 16, 2014 Judgment was entered by the court in the amount of $7,934.28. Said Judgment remains both unsatisfied and unchallenged to date.

## Alleged Causes of Action

The alleged violations are of 15 U.S.C. §1692e, False or misleading representations and , 15 U.S.C. §1692f, Unfair practices. Plaintiff also alleges that "Pressler was not authorized to conduct business within the state of New York," and therefore violated the FDCPA by attempting to collect the Plaintiff's debt. (Complaint ¶37, ECF #1)  Plaintiff further claims that Pressler violated New York General Business Law §349 by the aforesaid conduct.  (Complaint ¶40, ECF #1)

It is the Plaintiff's contention that the word "sought" after the word "amount" in the transmittal letter is to be construed and interpreted to mean something different than its common meaning, and instead be read as the amount claimed; i.e the amount of the debt and that the use of the word "sought" therefore violates the "catch-all" provisions of §1692e and §1692f which generally prohibit "false, deceptive, or misleading representations" and "unfair or unconscionable means" to collect a debt, respectively. (Complaint ¶¶'s 30-36, ECF #1), notwithstanding the fact that the letter makes clear that the amount sought includes filing and service costs. Simple arithmetic shows that when the $175.00 is subtracted from the total amount sought (7,844.28) it leaves a balance of $7669.28 the amount of the debt as stated in the complaint.

## Allegations pertaining to § 1692e

"When a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment." NY CLS CPLR § 3215 (g)3(i), See also Ciaschi v. Enfield, 86 A.D.2d 903, 904 (N.Y. App. Div. 3d Dep't 1982) The notice must include the relief, i.e. amount,  sought. A. J. Eckert Co. v. George A. Fuller Co., 51 A.D.2d 844, 844-845 (N.Y. App. Div. 3d Dep't 1976); Mantell v. Servidone Constr. Corp., 61 A.D.2d 1071 (N.Y. App. Div. 3d Dep't 1978). In the underlying state court action judgment was in fact entered by default on January 16, 2014, notwithstanding the fact that Plaintiff clearly had notice of the action against her.

It is therefore clear that Defendants were obligated under New York law to advise Plaintiff of both the debt claimed to be due and the total amount being sought and to do so is not deceptive, false or misleading.

Additionally, assuming arguendo that Defendants were not required by the New York CPLR to advise the amount sought, there is still no violation. In this circuit the courts have found there to be a "materiality" requirement when reviewing statements alleged to be false or deceptive. Gabriele v. American Home Mortgage Servicing. Inc., 503 F. App'x 89,94 (2d Cir. 2012) "[C]ommunications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." Gabriele, 503 F. App'x at 94. See also Lotito v. Recovery Assocs., 2014 U.S. Dist. LEXIS 131731, 19-20 (D.N.Y. 2014) (collecting citations to other cases and jurisdictions which read a materiality

*Hon. Ramon E. Reyes, Jr., U.S.M.J.*
*1:14-cv-02855*
*September 22, 2014*
*Page 3*

requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt.)

### Allegations pertaining to §1692f

Plaintiff's allegations under §1692f are essentially the same allegations as those under §1692e except that they are now alleged to generally constitute unfair and unconscionable acts in connection with the collection of a debt. The actions by Defendants are neither unfair nor unconscionable for the same reasons they are not false, deceptive or misleading. Thus, the facts set forth are insufficient as a matter of law to state a claim for relief.

### Allegations pertaining to New York General Business Law § 349

Plaintiff claims that Defendant Pressler, a law firm with attorneys licensed by the State of New York, was not authorized to do business in New York and therefore the fact that lawsuits were filed in New York by New York licensed Pressler attorneys "constitutes a deceptive or materially misleading activity that is directed at consumers in general and caused consumers to suffer an injury." Plaintiff has no legal support for such an allegation. There is no allegation that Mitchell H. Zipkin, Esq., the attorney who sent the October 28, 2013 letter, and signed the state collection complaint was not licensed at the time he performed those acts. So where is the deception? What act did Mr. Zipkin take he was not legally authorized to take?

The fact that the law firms registration was ministerially revoked does not affect Mr. Zipkin's right to practice law. And even if there was some affect to the fact that Pressler's status as a Foreign Registered Limited Liability Partnership was temporarily revoked, for failure to pay registration fees, once it paid those fees its status is revived and its revocation is annulled as if it had never been entered. NY CLS Partn § 121-1502 (f)(1) Pressler's status is currently active as evidenced by the annexed New York State, Division of Corporations printout previously submitted to Plaintiff's counsel and therefore said any continuation regarding this claim should constitute frivolous pleading subject to F.R.C.P. 11.

There is also the fact that mere violation of a state licensure law does not automatically give rise to an FDCPA cliam. See <u>Hirsch v. United Collection Corp.</u>, 2004 U.S. Dist. LEXIS 29819, 9-10 (E.D.N.Y. 2004); <u>James v. Merchs. & Prof'ls, Inc.</u>, 2010 U.S. Dist. LEXIS 20950, 2010 WL 785803, at *2 (E.D.N.Y. 2010

### Plaintiff fails to allege the elements necessary for a NY GBL§ 349 claim.

For a claim under Section 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." <u>City of New York v. Smokes-Spirits.Com, Inc.</u>, 12 N.Y.3d 616, 911 N.E.2d 834, 838, 883 N.Y.S.2d 772 (Ct of App. N.Y. 2009); see also <u>Koch v. Acker, Merrall & Condit Co.</u>, 18 N.Y.3d 940, 967 N.E.2d 675, 675, 944 N.Y.S.2d 452 (Ct of App. N.Y. 2012). "The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." *Genesco*, 593 F. Supp. at 751; accord *Teller v. Bill Hayes, Ltd.*, 213 A.D.2d 141, 630 N.Y.S.2d 769, 773 (App. Div. 1995). (*Genesco Entm't v. Koch*, 593 F. Supp. 743, 752 (S.D.N.Y. 1984) cited in <u>4 K & D Corp. v. Concierge Auctions, LLC</u>, 2014 U.S. Dist. LEXIS 31222,*52 (S.D.N.Y. 2014)

*Hon. Ramon E. Reyes, Jr., U.S.M.J.*
*1:14-cv-02855*
*September 22, 2014*
*Page 4*


   Wherefore, based upon the foregoing, Defendants respectfully requests that Your Honor schedule a pre-motion conference wherein a briefing schedule may be set for a Fed. R. Civ. P. 12(c) motion. Thank you for your consideration.

            Respectfully submitted,
            PRESSLER & PRESSLER, LLP

            *Mitchell L. Williamson*
            Mitchell L Williamson


Cc:  Plaintiff's counsel via ECF