*The Law Offices of Shimshon Wexler, PC*
*216 West 104th Street #129*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
**swexleresq@gmail.com**

September 24, 2014

VIA CM/ECF
Hon. Ramon E. Reyes, U.S.M.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: Cohn, individually and on behalf of a class v. New Century Financial Services, Inc. and Pressler & Pressler, LLP, 14-cv-2855-RER

Dear Judge Reyes:

I am co-counsel for the plaintiff in this action. This letter is submitted in response to the Defendants' pre motion letter pursuant to Your Honor's Individual Rules.

The Defendants' letter erroneously adds additional language into the collection letter that is in fact not in the collection letter. On the last line of its first page, the letter purports to quote from the language of the letter in the reference section that the "amount sought in the complaint was $7,844.28 which includes filing and service costs of $175.00" (emphasis supplied). In fact the words "in the complaint" do not appear on the collection letter. In truth the collection letter states "amount sought: $7,844.28 which includes filing and service costs of $175.00."

This is extremely important because Plaintiff's complaint alleges that at the time of the sending of the collection letter the amount due cannot include filing and service costs. On the other hand, while Plaintiff certainly does not agree that the language Defendants quoted in their pre-motion letter is not deceptive, the language at least pays tribute to the fact that Defendants would only be entitled to filing and service costs if the Defendants were granted that amount by the Court.

"Under New York law, a party is not liable for court costs unless and until there is a judgment in favor of the opposing party. *See* N.Y.C.P.L.R. § 8101 ("The party in whose favor a judgment is entered is entitled to costs in the action...."). Since the collection action against [Plaintiff] never resulted in a judgment, she was not liable for court costs. By including court costs in the debt it reported to credit reporting agencies, [Defendant] misrepresented the amount of the debt. The FDCPA specifically prohibits such misrepresentations. *See* 15 U.S.C. § 1692e(2)(A) (prohibiting the false representation of "the character, amount, or legal status of any debt")." *Fritz v. Resurgent Capital Services, LP,* 2013 WL 3821479 (E.D.N.Y. July 24, 2013)

In this case, despite Defendants insistence to the contrary, the information on the collection letter "amount sought: $7,844.28 which includes filing and service costs of $175.00" can reasonably be interpreted to mean that $7,844.28 needs to be paid to satisfy the account. Because this is not true this violates 1692e generally and specifically 1692e(2)(A) and 1692f(1). " [C]ourts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2nd Cir.1993).

In *Quinteros v MBI Associates, Inc.*, 999 F.Supp.2d 434 (E.D.N.Y. February 28, 2014) the Court found a violation of 1692e(2)(A) and 1692f(1) for a collection letter containing the following language "Should you require more time to make payment or wish to make payment arrangements, please call this office upon receipt of this letter. Our office accepts Visa, MasterCard and American Express which you may pay over the phone or online at www.paymbi.com. There will be a $5.00 processing fee for all credit cards or checks over the phone." The Court determined that the $5 fee was not allowed to be charged.

The *Quinteros* Court determined in reasoning applicable to this case that "[t]he "least sophisticated consumer" would likely be deceived by the Processing Fee Statement into believing that Defendant was legally entitled to collect the five-dollar fee. Indeed, even a shrewd consumer would be unlikely to question the legality of a seemingly reasonable five-dollar processing fee, much less turn to the statute books." In our case, the consumer would similarly believe that the Defendants were entitled to the additional $175 even though at the time the collection letter was sent they were not entitled to the $175.

Defendants argue that they were "obligated under New York law to advise Plaintiff of both the debt claimed to be due and the total amount being sought." However, the Defendants also have obligations under the FDCPA to insure that they not make false statements and that they only seek amounts of money to which they are entitled. Compliance with New York law does not obviate the need to comply with the FDCPA. The Defendants have not cited to any authority which supports such an unsound proposition.

In addition, the improperly inflated balance is a material misstatement as to the legal status of the debt. Specifically, the collection letter conveyed that $7,844.28 was due at the time the letter was sent but this was not so. This is unequivocally a material misstatement as to the legal status of the debt.

Pressler's status as a registered foreign limited liability partnership validity was put an end to pursuant to § 121-1502 of the New York registered foreign limited liability partnership. Part (f)(I) of that section states "If a New York registered foreign limited liability partnership shall not timely file the statement required by this subdivision, the department of state may, upon sixty days' notice mailed to the address of such New York registered foreign limited liability partnership as shown in the last notice or statement or certificate of amendment filed by such New York registered foreign limited liability partnership, make a proclamation declaring the status of such New York registered foreign limited liability partnership to be revoked pursuant to this subdivision. The department of state shall file the original proclamation in its office and shall publish a copy thereof in the state register no later than three months following the date of such

proclamation. Upon the publication of such proclamation in the manner aforesaid, the status of each New York registered foreign limited liability partnership named in such proclamation shall be deemed revoked without further legal proceedings."

Because Pressler as an entity was not allowed to be carrying on business in New York during the time period during which its registration had been revoked, it violated 1692e(5)'s prohibition against "threat[s ]to take any action that cannot legally be taken or that is not intended to be taken."

This case is also not like the cases where there is a split of authority as to whether a failure to obtain a New York City license to engage in collection violates the FDCPA. See *Williams v. Goldman & Steinberg, Inc.*, No. CV–03–2132, 2006 WL 2053715. at *6 (E.D.N.Y. July 21, 2006) (finding an FDCPA violation for failure to obtain a New York City debt collection license). This case involves a much greater violation. In this case Pressler was not allowed to conduct business within New York during the time period that the Pressler entity's ability to engage in business was revoked. The fact that New York law provides that once Pressler's ability to conduct business is no longer revoked that causes the actions that it took while having its licensed revoked to be as if they never happened does not change the factual reality that it did happen. Pressler collected from thousands or tens of thousands of New York consumers while their registration was revoked and presumably collected hundreds of thousands or millions of dollars illegally.

The conducting of business in New York while their registration was revoked also violates GBL § 349. Pressler engages in consumer debt collection and it is a normal part of their business. By engaging in business while their registration with New York State to conduct business had been revoked, they engaged in materially deceptive or misleading conduct. The damages in this case are the costs, inconvenience and annoyance that Pressler placed upon consumers when it was unlawfully attempting to collect from them even though their registration was revoked.

Plaintiff thanks the Court for its attention to this matter.

                              Respectfully Submitted,

                              _____/s_____
                              Shimshon Wexler