P&P File # C269997A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (Brooklyn)

======================================  :
                                        :
**HENDY COHN, individually and on behalf**  :
**of a class**                          :      1:14-cv-02855-RER
                                        :
    Plaintiff,       :
                                        :
**NEW CENTURY FINANCIAL SERVICES,**     :
**INC., and PRESSLER & PRESSLER, LLP**  :
                                        :
    Defendants.     :
======================================  :


### BRIEF IN SUPPORT OF DEFENDANTS' JOINT
### MOTION FOR JUDGMENT ON THE PLEADINGS


          On the brief:
              Mitchell L. Williamson, Esq.


Dated:  October 29, 2014

PRESSLER AND PRESSLER, LLP

     _s/Mitchell L. Williamson_
Mitchell L. Williamson, Esq.
Pressler and Pressler, L.L.P.
**Attorneys for Defendants, New Century Financial Services, Inc. and**
**Pressler & Pressler, LLP**

| | |
|---|---|
| 7 Entin Road | 305 Broadway, 9th Floor |
| Parsippany, New Jersey 07054 | New York, NY 10007-1158 |
| Telephone: (973) 753-5100 | Telephone: (516) 222-7929 |
| Facsimile:  (973) 753-5353 | Facsimile:  (516) 753-5353 |
| mwilliamson@Pressler-Pressler.com | |

**TABLE OF CONTENTS**

| Heading | Page |
|---|---|
| **TABLE OF AUTHORITIES** | ii |
| **PRELIMINARY STATEMENT** | 1 |
| **PROCEDURAL HISTORY** | 2 |
| **STATEMENT OF FACTS** | 3 |
| **LEGAL ARGUMENT** | 4 |
| **Standard of Review for Fed. R. Civ. P. 12(c) motion** | 4 |
| I. PLAINTIFF'S CLAIMS REGARDING THE OCTOBER 28, 2013 LETTER FAIL AS A MATTER OF LAW BECAUSE DEFENDANT WAS REQUIRED TO SEND SAID LETTER AND THERE IS NOTHING FALSE, DECEPTIVE OR MISLEADING THEREIN | 6 |
| A. Claim under 15 U.S.C. § 1692e(2)(A) and (B) | 6 |
| B. Claims under 15 U.S.C. § 1692e(5) and 1692f(1) | 7 |
| II. THE USE OF THE TERM SOUGHT IS NOT MATERIAL | 9 |
| III. PLAINTIFF FAILS TO PLEAD ANY FACTS TO SUPPORT THAT THE ALLEGED OBLIGATION AT ISSUE IS A CONSUMER "DEBT" AS DEFINED BY THE FDCPA | 10 |
| IV. PLAINTIFF'S CLAIM UNDER N.Y. G.B.L. § 349 FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF CANNOT SATISFY THE ELEMENTS OF HER CLAIM | 11 |
| **CONCLUSION** | 13 |

**TABLE OF AUTHORITIES**

**Cases**                                                     **Page**

4 K & D Corp. v. Concierge Auctions, LLC,
2014 U.S. Dist. LEXIS 31222 (S.D.N.Y. 2014)..........................................................11

A. J. Eckert Co. v. George A. Fuller Co., 51 A.D.2d 844
(N.Y. App. Div. 3d Dep't 1976)......................................................................................7

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937,
173 L. Ed. 2d 868 (2009)................................................................................................5

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (2007)................................................................................................4

Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294 (3d Cir. 2008) ...........8

Ciaschi v. Enfield, 86 A.D.2d 903 (N.Y. App. Div. 3d Dep't 1982) .........................7

City of New York v. Smokes-Spirits.Com, Inc., 12 N.Y.3d 616,
911 N.E.2d 834, 883 N.Y.S.2d 772 (Ct of App. N.Y. 2009)....................................11

Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).......................................................8

Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010) ...............................9

Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010) ............................8

Fed. Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504 (6th Cir. 2007) ..............7

Gabriele v. American Home Mortgage Servicing. Inc., 503 Fed. Appx. 89
(2d Cir. 2012)..................................................................................................................9

Genesco Entm't v. Koch, 593 F. Supp. 743 (S.D.N.Y. 1984)....................................11

Hahn v. Triumph P'ships LLC, 557 F.3d 755 (7th Cir. 2009) ....................................10

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) ..............................................................5

Hayden v. Paterson, 594 F.3d 150 (2d Cir. 2010) .......................................................5,6

Hirsch v. United Collection Corp., 2004 U.S. Dist. LEXIS 29819
(E.D.N.Y. 2004).............................................................................................................13

James v. Merchs. & Prof'ls, Inc., 2010 U.S. Dist. LEXIS 20950,
2010 WL 785803 (E.D.N.Y. 2010) ..................................................................13

Johnson v. Rowley, 569 F.3d 40 (2d Cir. 2009) ......................................................4

Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 967 N.E.2d 675,
944 N.Y.S.2d 452 (Ct of App. N.Y. 2012) .....................................................11

L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419 (2d Cir. 2011) ..........................5,6

Liantonio v. Lavintman, 2012 U.S. Dist. LEXIS 139648
(E.D.N.Y. 2012) ................................................................................................4

Lotito v. Recovery Assocs., 2014 U.S. Dist. LEXIS 131731
(E.D.N.Y. 2014) ..............................................................................................10

Madray v. Long Island Univ., 2012 U.S. Dist. LEXIS 99965
(E.D.N.Y. 2012) ........................................................................................5,6,11

Mantell v. Servidone Constr. Corp., 61 A.D.2d 1071
(N.Y. App. Div. 3d Dep't 1978) .......................................................................7

Martin v. Westlake Fin. Servs., 2012 U.S. Dist. LEXIS 8163
(E.D.N.Y. 2012) ................................................................................................6

Matin v. Fulton, Friedman & Gullace, LLP, 826 F. Supp. 2d 808
(E.D. Pa. 2011) ...............................................................................................11

McStay v. I.C. Sys., Inc., 308 F.3d 188 (2d Cir. 2002) ............................................8

Miller v. Javitch, Block & Rathbone, 561 F.3d 588 (6th Cir. 2009) ........................10

Peter v. GC Servs. L.P., 310 F.3d 344 (2d Cir. 2002) ...........................................7,8

Roberts v. Bankiewicz, 582 F.3d 418 (2d Cir. 2009) ...............................................5

Schweizer v. Trans Union Corp., 136 F.3d 233 (2d Cir. 1998) ................................7

Spread Enters. v. First Data Merch. Servs. Corp.,
2012 U.S. Dist. LEXIS 119080 (E.D.N.Y. 2012) .............................................4

Teller v. Bill Hayes, Ltd., 213 A.D.2d 141, 630 N.Y.S.2d 769
(App. Div. 1995) ............................................................................................12

Warren v. Sessoms & Rogers, P.A., 676 F.3d 365 (4th Cir. 2012) ..........................9

**Statutes**

15 U.S.C. §1692 *et seq.* ("FDCPA") ...........................................................................1,6,9-11

15 U.S.C. § 1692e ................................................................................................................1,10

15 U.S.C. § 1692e(5) ...............................................................................................................9

15 U.S.C. § 1692f ....................................................................................................................1

15 U.S.C. § 1692f(1)................................................................................................................9

New York General Business Law § 349................................................................1,11,13

NY CLS CPLR § 3215(g)3(i) .................................................................................................7

N.Y. CLS Partn § 121-1502................................................................................................2,12

**Rules**

Fed. R. Civ. P. 12(c) ............................................................................................................4,5

**PRELIMINARY STATEMENT**

Plaintiff has filed a putative class action complaint ("Complaint") alleging various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by Defendants Pressler & Pressler, LLP. ("Pressler") and its client, New Century Financial Services, Inc. ("NCFSI"). (ECF # 1).

A transmittal letter dated October 28, 2013 sent by Pressler is alleged to violate the FDCPA, referencing 15 U.S.C. §1692e, prohibiting false or misleading representations and, 15 U.S.C. §1692f, prohibiting unfair practices.

Plaintiff also alleges that "Pressler was not authorized to conduct business within the state of New York," and therefore violated the FDCPA (no specific reference provided) by attempting to collect the Plaintiff's debt. (Complaint ¶37, ECF #1).  Plaintiff further claims that Pressler violated New York General Business Law §349 ("NYGBL") by the aforesaid conduct. (Complaint ¶40, ECF #1)

Plaintiff contends that the word "sought" after the word "amount" in the transmittal letter at issue is to be <u>construed</u> and <u>interpreted</u> to mean something different than its common meaning, and instead be read as the amount claimed due and owing, i.e the amount of the debt.  According to Plaintiff, therefore, the use of the word "sought" violates the "catch-all" provisions of §1692e and §1692f which generally prohibit "false, deceptive, or misleading representations" and "unfair or unconscionable means" to collect a debt, respectively. (Complaint ¶¶'s 30-36, ECF #1).  Notwithstanding the idiosyncratic interpretation advanced by Plaintiff, the letter makes

1

clear that the amount "sought" includes filing and service costs as requested in the complaint. Simple arithmetic shows that when the $175.00 is subtracted from the total amount sought ($7,844.28) it leaves a balance of $7,669.28 the amount of the debt as stated in the complaint.

Plaintiff secondarily contends that Pressler violated NYGBL §349 due to the fact that Pressler's status as a Foreign Registered Limited Liability Partnership was temporarily revoked. This position is untenable as a matter of law because pursuant to the Act itself once the registration was re-activated the revocation was annulled as if it never occurred. (*NY CLS Partn § 121-1502, Article 8-B. Registered Limited Liability Partnerships*).

For all these reasons, Defendants seek judgment on the pleadings as to all Plaintiff's claims.

## PROCEDURAL HISTORY

The instant Complaint was filed May 6, 2014. (ECF # 1). Defendants filed their respective answers on July 21, 2014. (ECF #'s 12 and 13). On August 12, 2014, the case was reassigned to Judge Reyes, Jr., upon the parties consent. (ECF # 16). After submissions for a pre-motion conference, the court set the following briefing schedule for Defendants' Joint Motion for Judgment on the Pleadings: (a) serve moving papers by October 24, 2014; (b) serve opposition by November 24, 2014; (c) serve reply and file fully briefed motion by December 8, 2014. (ECF 9/24/14). (Defendant requested several days extension of the initial service of this brief due to extenuating circumstances of the Plaintiff and there was no opposition to same received).

**STATEMENT OF FACTS**

On or about July 15, 2013, Defendant NCFSI obtained Plaintiff's defaulted Citibank account ending in "4458" and immediately referred it to Defendant Pressler for collection. (¶2 Declaration of David B. Warshaw, Esq. (hereinafter "Warshaw Declaration"). On July 23, 2013 Pressler sent correspondence to Plaintiff at her address of 85 South 9th St., Brooklyn, N.Y. 11249 advising her of same. (¶3 - Exhibit "1" Warshaw Declaration). There was no response to said correspondence (¶3 Warshaw Declaration) and subsequently Pressler caused to be filed in the City Court of the City of New York, County of Kings, an action titled <u>New Century Financial Services, Inc. v Hendy Cohn</u>, Index no. 056805/13. (¶4 - Exhibit "2" Warshaw Declaration). The complaint identified $7,669.28 (the charge off balance) as the amount due and owing and also requested the court award plaintiff NCFSI the "costs and disbursements" of the action. Pursuant to the Affidavit of Service the complaint was served on a "co-occupant" of Ms. Cohn on October 17, 2013 and was also mailed by the process server on that same date. (¶5 - Exhibit "3" Warshaw Declaration). On October 28, 2013, Pressler sent an additional copy of the Summons and Complaint, along with a transmittal letter (Exhibit "A" to the instant complaint, ECF #1, and ¶6 - Exhibit "4" Warshaw Declaration) which stated the following in the reference section: "Amount Sought: $7,844.28 which includes filing and service costs of $175.00." The aforementioned quoted language serves as the gravamen of Plaintiff's instant Complaint (hereinafter sometimes referred to as the "Language"). No answer or other response was submitted by the instant Plaintiff and on January 16, 2014 Judgment was entered by the court in the amount of $7,934.28. (¶7 - Exhibit "5" Warshaw Declaration). Said Judgment remains both unsatisfied and unchallenged to date.

On March 11, 2014, after Pressler was alerted to the fact that its registration as a Foreign Registered Limited Liability Partnership had lapsed, Pressler sent in a check for fifty ($50.00) dollars to re-activate its registration. Said action was successful and as of September 19, 2014, the NYS Department of State records indicated Pressler's status as a Foreign Registered Limited Liability Partnership is Active. (¶9 - Exhibit "6" Warshaw Declaration).[1]

**LEGAL ARGUMENT**

**Standard of Review for Fed. R. Civ. P. 12(c) motion**

A motion filed pursuant to Fed. R. Civ. P. 12(c) is governed by the same standards employed by the Court to decide a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Liantonio v. Lavintman, 2012 U.S. Dist. LEXIS 139648, *4 (E.D.N.Y. 2012)(citing Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009).

The Court makes inquiry pursuant to the Twombly standard and should dismiss a complaint "only if it does not contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'"  Spread Enters. v. First Data Merch. Servs. Corp., 2012 U.S. Dist. LEXIS 119080, *4 (E.D.N.Y. 2012)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Pursuant to Twombly, the Court conducts two inquiries.  "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal

---

[1] *The above recitation of facts is meant to provide contextual background for the instant case and is not meant to provide evidentiary support such that would require converting the instant motion to a F.R.Civ.P 56 motion for summary judgment. The only fact arguably necessary for*

conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Madray v. Long Island Univ., 2012 U.S. Dist. LEXIS 99965, *10 (E.D.N.Y. 2012)(quoting Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)(in turn quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Harris, supra, 572 F.3d at 72)(in turn quoting Iqbal, supra, 556 U.S. at 1950). Accordingly, when the Court finds that "there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Id. at *11 (quoting Iqbal, supra, 556 U.S. at 1950).

"On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011)(citing Roberts v. Bankiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). Moreover, the complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Id. at 422 (citations omitted)(emphasis added).

Lastly, it should be noted that a motion for judgment on the pleadings should be filed "[a]fter the pleadings are closed--but early enough not to delay trial[.]" FED. R. CIV. P. 12(c); Hayden v.

---

*the resolution of this motion is Pressler's current "Active" status as a Foreign Registered*

5

Paterson, 594 F.3d 150, 160 fn. 7 (2d Cir. 2010).  The pleading period in this case has closed as Defendants have filed their Answers which do not contain counterclaims.  Accordingly, a motion for judgment on the pleadings is ripe based upon the procedural posture of this case.  See L-7 Designs, Inc., supra, 647 F.3d at 427 (motion for judgment on the pleading filed after plaintiff's reply to counterclaim was filed); Madray, supra, 2012 U.S. Dist. LEXIS at *9 ("because the Defendants filed this [12(b)(6)] motion after they submitted an answer to the complaint, it is properly classified as a motion for judgment on the pleadings pursuant to [12(c)]").

**POINT I:** **PLAINTIFF'S CLAIMS REGARDING THE OCTOBER 28, 2013 LETTER FAIL AS A MATTER OF LAW BECAUSE DEFENDANT WAS REQUIRED TO SEND SAID LETTER AND THERE IS NOTHING FALSE, DECEPTIVE OR MISLEADING THEREIN.**

"To state a claim under the FDCPA, plaintiff must show that (1) [they were] the object of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by the FDCPA and (3) defendants have engaged in an act or omission prohibited by the FDCPA." Martin v. Westlake Fin. Servs., 2012 U.S. Dist. LEXIS 8163, at *7-8 (E.D.N.Y. 2012).

    **A.**     **Claim under 15 U.S.C. § 1692e(2)(A) and (B).**

Plaintiff's complaint is based on the premise that the statement contained in its October 28, 2013 transmittal letter: the "Amount Sought: $7,844.28 which includes filing and service costs of $175.00" both misstates the character and amount of the debt and falsely represents Defendants' alleged entitlement to that amount. (Complaint, ¶¶ 33-34, ECF #1).  Neither interpretation is correct.

---

*Limited Liability Partnership, which Defendant believes the court can take judicial notice of.*

Initially, in order for a plaintiff (the instant Defendants) to seek a default judgment in the event the alleged debtor/defendant fails to respond to a complaint, said plaintiff must first provide complete notice to the alleged debtor/defendant. [2]

"When a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment." NY CLS CPLR § 3215(g)3(i).  See also Ciaschi v. Enfield, 86 A.D.2d 903, 904 (N.Y. App. Div. 3d Dep't 1982).  The notice must include the relief, *i.e.* the amount sought. A. J. Eckert Co. v. George A. Fuller Co., 51 A.D.2d 844, 844-845 (N.Y. App. Div. 3d Dep't 1976); Mantell v. Servidone Constr. Corp., 61 A.D.2d 1071 (N.Y. App. Div. 3d Dep't 1978).

The October 28, 2013 letter simply totaled the calculations set forth in the complaint.  Of great importance is that a copy of the summons and complaint were enclosed with the October 28, 2013 letter.  "Even the least sophisticated debtor is bound to read collection notices in their entirety. Fed. Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 510 (6th Cir. 2007). See also Schweizer v. Trans Union Corp., 136 F.3d 233, 238 (2d Cir. 1998)(analyzing a debt collection letter as a whole under the least sophisticated debtor standard); Peter v. GC Servs. L.P., 310 F.3d

---

[2] *It is of note that in the underlying state court action, instant Plaintiff Hendy Cohn failed to answer or otherwise respond to the complaint and a default and thereafter judgment was entered against her. The instant complaint and its exhibits provides evidence that she had notice of the complaint.  Had said notice not been provided, said default judgment would be susceptible to vacation for failure to provide proper notice.*

7

344, 349 (2d Cir. 2002) (same); McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002)(same)." Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. 2008).

The summons clearly indicates that "upon your failure to answer, judgment will be taken against you for the sum of $7,669.28 . . . with the costs of this action." Count I of the underlying action complaint states "There is now due and owing the plaintiff, as the assignee of the account from the defendant(s) the agreed sum of $7,669.28." Count II of the underlying action complaint states, "By reason of the aforementioned, an account stated was taken and had between the plaintiff's predecessor in interest and defendant(s) for the agreed balance of $7,669.28." The prayer for relief in the underlying action complaint reiterates the demand for judgment in the amount of $7,669.28 plus costs on each count. Thus, reading the October 28, 2013 letter in conjunction with the summons and complaint makes clear that Defendants never demanded the $7,844.28 as due and owing at the time of the letter, merely that that amount represented what they were petitioning the court to award. Plaintiff's interpretation as demonstrated by the instant complaint is simply a bizarre and idiosyncratic interpretation of the contents of the October 28th transmittal letter and disfavored in law. See Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

It is, therefore, clear both that Defendants were obligated under New York law to advise Plaintiff of both the debt claimed to be due and the total amount being sought and the manner in which they did so was not deceptive, false or misleading.

8

B.  **Claims under 15 U.S.C. §§ 1692e(5) and 1692f(1).**

§1692e(5) prohibits "The threat to take any action that cannot legally be taken or that is not intended to be taken." Plaintiff offers no factual allegations in support of said claim and, therefore, any allegations regarding a violation of this section should be dismissed out of hand.

Plaintiff's allegations under §1692f(1) are essentially the same allegations as those under §1692e except that they are now alleged to generally constitute unfair and unconscionable acts in connection with the collection of a debt.  The actions by Defendants are neither unfair nor unconscionable for the same reasons they are not false, deceptive or misleading.  Thus, the facts set forth are insufficient as a matter of law to state a claim for relief.

**POINT II:   THE USE OF THE TERM "SOUGHT" IS NOT MATERIAL**

Additionally, assuming *arguendo* that Defendants were not required by the New York CPLR to advise of the amount sought, there is still no violation. In this circuit the courts have found there to be a "materiality" requirement when reviewing statements alleged to be false or deceptive. Gabriele v. American Home Mortgage Servicing. Inc., 503 Fed. Appx. 89, 94 (2d Cir. 2012). "[C]ommunications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." Gabriele, 503 Fed. Appx. at 94.  Other circuits have also recognized this materiality requirement.  Gabriele, 503 Fed. Appx. 94 (citing as examples, Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012)(recognizing that "courts have generally held that violations grounded in 'false representations' must rest on material misrepresentations"); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010)

9

(finding that mislabeling in state complaint of interest owed on debt was not a material misrepresentation under the FDCPA); <u>Miller v. Javitch, Block & Rathbone</u>, 561 F.3d 588, 596 (6th Cir. 2009)(finding that state court complaint which mischaracterized debtor's credit-card debt as a loan was not a materially false or misleading statement under the FDCPA); <u>Hahn v. Triumph P'ships LLC</u>, 557 F.3d 755, 758 (7th Cir. 2009)(Easterbrook, C.J.)(holding that "a false but non-material statement is not actionable" under the FDCPA because "[a] statement cannot mislead unless it is material")). <u>See</u> <u>also</u> <u>Lotito v. Recovery Assocs.</u>, 2014 U.S. Dist. LEXIS 131731, 19-20 (E.D.N.Y. 2014) (collecting citations to other cases and jurisdictions which read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt).

The Language is not material because it clearly uses the word "sought" and not "due and owing" as utilized in the underlying action complaint. The math is simple and it can easily be deduced that the amount of the <u>debt</u> was $7,669.28 and nothing more. The statement of the amount <u>sought</u> just indicates the <u>total</u> amount NCFSI <u>requested</u> to be awarded in a judgment – notably, one that was subsequently obtained. There can be no reasonable argument that the aforesaid language would impede a consumer's ability to respond to or dispute the collection action which was the concern of the <u>Gabrielle</u> court. Thus, it is not material and no violation of the FDCPA under 15 U.S.C. § 1692e can result.

**POINT III: PLAINTIFF FAILS TO PLEAD ANY FACTS TO SUPPORT THAT THE ALLEGED OBLIGATION AT ISSUE IS A CONSUMER "DEBT" AS DEFINED BY THE FDCPA.**

A review of the allegations contained within the instant complaint reveals that Plaintiff fails to allege any facts regarding the nature of the debt such that the FDCPA applies.

10

> "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Raabe v. Rauch-Milliken Int'l, Inc.*, No. 10-2458, 2011 U.S. Dist. LEXIS 68409, 2010 WL 2533288, at *1 (E.D. Pa. June 24, 2011) (quoting *FTC v. Check Investors, Inc.*, 502 F.3d 159, 167 (3d Cir. 2007)). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *15 U.S.C. § 1692a(5).*

Matin v. Fulton, Friedman & Gullace, LLP, 826 F. Supp. 2d 808 (E.D. Pa. 2011).

As stated above, while the Court may draw all inferences in favor of the Plaintiff, it is not enough to merely provide conclusory statements as is provided in the instant complaint. See Madray v. Long Island Univ., 2012 U.S. Dist. LEXIS 99965, *10 (E.D.N.Y. 2012).

**POINT IV:    PLAINTIFF'S CLAIM UNDER N.Y. G.B.L. § 349 FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF CANNOT SATISFY THE ELEMENTS OF HER CLAIM**

For a claim under Section 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." City of New York v. Smokes-Spirits.Com, Inc., 12 N.Y.3d 616, 911 N.E.2d 834, 838, 883 N.Y.S.2d 772 (Ct of App. N.Y. 2009). See also Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 967 N.E.2d 675, 675, 944 N.Y.S.2d 452 (Ct of App. N.Y. 2012). "The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." 4 K & D Corp. v. Concierge Auctions, LLC, 2014 U.S. Dist. LEXIS 31222,*52 (S.D.N.Y. 2014)(quoting Genesco Entm't v. Koch, 593

F. Supp. 743, 752 (S.D.N.Y. 1984)). Accord Teller v. Bill Hayes, Ltd., 213 A.D.2d 141, 630 N.Y.S.2d 769, 773 (App. Div. 1995).

Plaintiff claims that Defendant Pressler, a law firm with attorneys licensed by the State of New York, was not authorized to do business in New York and, therefore, the fact that lawsuits were filed in New York by New York licensed Pressler attorneys "constitutes a deceptive or materially misleading activity that is directed at consumers in general and caused consumers to suffer an injury." Plaintiff has no legal support for such an allegation. There is no allegation that Mitchell H. Zipkin, Esq., the attorney who sent the October 28, 2013 letter, and signed the state collection complaint was not licensed at the time he performed those acts. So where is the deception? What act did Mr. Zipkin take he was not legally authorized to take?

The fact that the law firm's registration was revoked is ministerial in nature and does not affect Mr. Zipkin's right to practice law. And even if there was some affect to the fact that Pressler's status as a Foreign Registered Limited Liability Partnership was temporarily revoked for failure to pay registration fees, once it paid those fees its status is revived and its revocation is annulled as if it had never been entered. NY CLS Partn § 121-1502 (f)(1). Pressler's status is currently active. (¶9, Exhibit "6" Warshaw Declaration). Accordingly, the revocation has been annulled, *i.e.* nullified or made void *ab initio*.

Even assuming *arguendo*, that the statute did not provide for annulling the law firms prior revoked status, Plaintiff cannot establish nor does she claim so in the instant complaint that there was a material misrepresentation that she relied on to her detriment and/or that she suffered any

12

harm. Thus, she fails to satisfy the second and third elements necessary to perfect a claim pursuant to NY GBL §349.

There is also the fact that mere violation of a state licensure law does not automatically give rise to an FDCPA claim. See Hirsch v. United Collection Corp., 2004 U.S. Dist. LEXIS 29819, 9-10 (E.D.N.Y. 2004); James v. Merchs. & Prof'ls, Inc., 2010 U.S. Dist. LEXIS 20950, 2010 WL 785803, at *2 (E.D.N.Y. 2010).

## CONCLUSION

Wherefore, based upon the foregoing, Defendants respectfully requests that the court grant Defendants' motion and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,
PRESSLER & PRESSLER, LLP

Dated: October 29, 2014   By:   *s/Mitchell L. Williamson*
Mitchell L Williamson