P&P File # C269997A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (Brooklyn)

=====================================  :
                                       :
**HENDY COHN, individually and on behalf**  :
**of a class**                         :      1:14-cv-02855-RER
                                       :
    Plaintiff,      :
                                       :
**NEW CENTURY FINANCIAL SERVICES,**    :
**INC., and PRESSLER & PRESSLER, LLP** :
                                       :
    Defendants.     :
=====================================  :

---

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' JOINT
## MOTION FOR JUDGMENT ON THE PLEADINGS

---

                    On the brief:
                          Mitchell L. Williamson, Esq.

Dated:  December 8, 2014

PRESSLER AND PRESSLER, LLP

_____*s/Mitchell L. Williamson*_____
Mitchell L. Williamson, Esq.
Pressler and Pressler, L.L.P.
**Attorneys for Defendants, New Century Financial Services, Inc. and**
**Pressler & Pressler, LLP**

| | |
|---|---|
| 7 Entin Road | 305 Broadway, 9th Floor |
| Parsippany, New Jersey 07054 | New York, NY 10007-1158 |
| Telephone: (973) 753-5100 | Telephone: (516) 222-7929 |
| Facsimile:  (973) 753-5353 | Facsimile:  (516) 753-5353 |
| mwilliamson@Pressler-Pressler.com | |

| | |
|---|---:|
| **INTRODUCTION** | 1 |
| **LEGAL ARGUMENT** | |
| **I.    THE OCTOBER 28, 2013 TRANSMITTAL LETTER DOES NOT VIOLATE §1692e(2)(A) or §1692f(1)** | 1 |
|     A.    THE OCTOBER 28, 2013 LETTER IS MEANT AS A TRANSMITTAL LETTER FORWARDING THE COMPLAINT TO PLAINTIFF AND IT WAS NOT AN ATTEMPT TO COLLECT A DEBT (ALTHOUGH THE ATTACHED COMPLAINT WAS) | 1 |
|     B.    INCLUDING THE AMOUNT OF THE COSTS AND FEES DEFENDANTS WERE SEEKING THE COURT TO AWARD DID NOT CONSTITUTE A FALSE AND DECEPTIVE PRACTICE | 3 |
|     C.    THE INCLUSION OF THE WORD SOUGHT AND THE AMOUNT THEREOF IN THE TRANSMITTAL LETTER WAS NOT MATERIAL AND THEREFORE DOES NOT VIOLATE THE FDCPA | 4 |
|     D.    PLAINTIFF FAILED TO ADDRESS ANY DISCUSSION REGARDING VIOLATIONS OF §1692f(1) AND HAS THEREFORE ABANDONED ANY CLAIMS REGARDING THAT SECTION | 5 |
| **II.   PRESSLER'S TEMPORARY REVOCATION OF ITS STATUS AS A NEW YORK REGISTERED FOREIGN LIMITED LIABILITY PARTNERSHIP DOES NOT SUPPORT A FINDING THAT THE FILING OF THE STATE COURT COLLECTION ACTION VIOLATED THE FDCPA OR THE NEW YORK GENERAL BUSINESS LAW** | 5 |
|     A.    PRESSLER'S TEMPORARY REVOCATION OF ITS STATUS AS A NEW YORK REGISTERED FOREIGN LIMITED LIABILITY PARTNERSHIP WAS ANNULED BY ITS SUBSEQUENT COMPLIANCE | 6 |
|     B.    EVEN IF THE FILING OF THE STATE COURT COLLECTION ACTION WAS FOUND TO BE ILLEGAL, WHICH IT WAS NOT, UNDER THE PLAIN LANGUAGE OF §1692e(5) IT WOULD NOT CONSTITUTE A VIOLATION AS THIS SECTION PROHIBITS THREATS ONLY AND NOT THE ACTS THEMSELVES | 8 |
|     C.    THE ALLEGED VIOLATIONS DO NOT SUPPORT A CLAIM UNDER NEW YORK GENERAL BUSINESS LAW ("NYGBL") §349 | 8 |
| **CONCLUSION** | 9 |

# **CASES**

Abramov v. I.C. Sys., 2014 U.S. Dist. LEXIS 146284 (E.D.N.Y. 2014)    3

Akoundi v. FMS, Inc., 2014 U.S. Dist. LEXIS 100259 (S.D.N.Y. 2014)    5

Alston v. Countrywide Fin. Corp., 585 F.3d 753 (3d Cir. 2009)    8

Anti-Monopoly, Inc., v. Hasbro, Inc., 958 F.Supp. 895 (S.D.N.Y. 1997) aff'd,
130 F.3d 1101 (2d Cir.1997); cert. denied, 525 U.S. 813, 119 S. Ct. 48, 142 L. Ed. 2d 37    5

Boule v. Hutton, 328 F.3d 84 (2d Cir. 2003)    9

Bradshaw v. Hilco Receivables, LLC, 765 F. Supp. 2d 719 (D. Md. 2011)    6, 7

Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 2012 U.S. Dist. LEXIS 43280
(E.D.N.Y. 2012)    7

Corcia v. Asset Acceptance, LLC, 2014 U.S. Dist. LEXIS 99862 (E.D.N.Y. 2014)    4

Devito v. Barrant, 2005 U.S. Dist. LEXIS 22444 (E.D.N.Y. 2005)    5

Dicesari v. Asset Acceptance LLC, 2012 U.S. Dist. LEXIS 133168 (E.D. Pa. 2012)    8

Di Giovanna v. Beth Israel Med. Ctr., 651 F. Supp. 2d 193 (S.D.N.Y. 2009)    5

Fritz v Resurgent Capital Services, LP, 955 F.Supp.2d 163 (E.D.N.Y. 2013)    2

Gabriele v. Am. Home Mortg. Servicing, 503 Fed. Appx. 89 (2d Cir. 2012)    3, 4

Kassel v. Universal Fidelity, LP, 2014 U.S. Dist. LEXIS 27657 (E.D.N.Y. 2014)    4

Khodara Environmental, Inc. v. Blakey, 376 F.3d 187 (3d Cir. 2004)    8

Klein v. Solomon & Solomon, P.C., 2011 U.S. Dist. LEXIS 127606 (D. Conn. 2011)    4

Kramer v. Pollock-Krasner Found., 890 F. Supp. 250 (S.D.N.Y. 1995)    8

L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419 (2d Cir. 2011)    2

Lamie v. United States Tr., 540 U.S. 526, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004)    8

Lautman v. 2800 Coyle St. Owners Corp.,
2014 U.S. Dist. LEXIS 137454 (E.D.N.Y. 2014)    4

Marvin v. Stone, 2 Cow. 781 (N.Y. Sup. Ct. 1824)    3

Maurizio v. Goldsmith, 230 F.3d 518 (2d Cir. 2000) ..... 8

McStay v. I.C. Sys., Inc., 308 F.3d 188 (2d Cir. 2002) ..... 4

Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013) ..... 4, 8

Price v. M.R.S. Assocs., 2014 U.S. Dist. LEXIS 87803 (E.D.N.C. 2014) ..... 7

Roberts v. Babkiewicz, 582 F.3d 418 (2d Cir. 2009) ..... 2

Sira v. Morton, 380 F.3d 57 (2d Cir. 2004) ..... 2

Spagnola v. Chubb Corp., 574 F.3d 64 (2d Cir. N.Y. 2009) ..... 9

TD Banknorth, N.A. v Olsen, 112 A.D.3d 1169 (N.Y. App. Div. 3d Dep't 2013) ..... 2

Torres v. Toback, Bernstein & Reiss LLP,
2014 U.S. Dist. LEXIS 36925 (E.D.N.Y. 2014) ..... 7

United States v. Diallo, 575 F.3d 252 (3d Cir. 2009) ..... 8

Weiss v. Zwicker, 664 F. Supp. 2d 214 (E.D.N.Y. 2009) ..... 3

William L. Bonnell Co. v. Katz, 23 Misc.2d 1028, 196 N.Y.S.2d 763 (Sup. Ct. 1960) ..... 7

Williams v. Deutsche Bank Nat'l Trust Co.,
2011 U.S. Dist. LEXIS 132084 (S.D.N.Y. 2011) ..... 7

Williams v. Goldman & Steinberg, Inc., 2006 U.S. Dist. LEXIS 50222 (E.D.N.Y. 2006) ..... 6, 7

**Statutes**

15 U.S.C. §1692 *et seq.* ("FDCPA") ....... 1

15 U.S.C. §1692e(2)(A) ..... 1, 3

15 U.S.C. §1692e(5) .......... 5, 8

15 U.S.C. §1692f(1) ........... 1, 5

New York General Business Law § 349 ....... 6, 8

NY CLS CPLR § 3215(g)3(i) ......... 2

N.Y. CLS Partn § 121-1502 .......... 6

NY CLS Partn § 121-1502 (f)(1)                                                                 6

New York Administrative Code tit. 20, ch. 2, § 20-490                                          6

The Maryland Collection Agency Licensing Act, *M*D*. C*ODE *A*NN*., B*US*. R*EG*., § 7-101, et seq.* 6

## INTRODUCTION

When one reviews the elements necessary to prevail on an alleged violation regarding each of the three sections of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") it becomes apparent that Plaintiffs complaint must be dismissed as to all counts. Plaintiff points to two acts attributed to Defendant Pressler & Pressler, LLP. ("Pressler"), the sending of a cover/transmittal letter (forwarding a copy of the summons and complaint (the "SAC") in the state court action to the Plaintiff) and Pressler's temporary lack of registration as a foreign limited liability partnership as the bases for the alleged violations. As previously discussed in Defendants' moving papers and discussed further below neither provide said basis.

## LEGAL ARGUMENT

**I.    THE OCTOBER 28, 2013 TRANSMITTAL LETTER DOES NOT VIOLATE §1692e(2)(A) or §1692f(1)**

**A.    THE OCTOBER 28, 2013 LETTER IS MEANT AS A TRANSMITTAL LETTER FORWARDING THE COMPLAINT TO PLAINTIFF AND IT NOT AN ATTEMPT TO COLLECT A DEBT (ALTHOUGH THE ATTACHED COMPLAINT WAS)**

The purpose of the October 28, 2013 letter is clear on its face.

> Dear Hendy Cohn:
>
> Enclosed please find a copy of the summons and complaint filed with the CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF KINGS.
>
> Should you have any questions, please feel free to contact me at 1-888-312-8600 Ext 5301 or anyone in my department at Ext 5856.
>
> Very Truly Yours,

Above the body of the letter is the "re line" where the alleged violation occurs where the amount sought by the attached summons and complaint ("SAC") is quantified. Plaintiff now claims that Defendants violated §1692e(2)(A) which prohibits "the false representation of the character, amount or legal status of any debt" when they advised Plaintiff in the cover letter that the attached complaint was also requesting the court award costs and fees in the amount of $175.00. (This amount is made up of the Index Number Fee, $45.00, the Service Fee, $35.00 and the Consumer Credit Fee $95.00.)

1

The letter itself does not request payment, offer a settlement or suggest any other course of action on the part of the Plaintiff.  The purpose of the letter was not to seek payment, rather it assumed that the recipient of the letter would review the enclosed SAC, (¶4 – Exhibit "2" Warshaw Declaration) [1] and read it with some degree of care. Plaintiff has never challenged the amount of the debt set forth in the complaint.

In Fritz v Resurgent Capital Services, LP, 955 F.Supp.2d 163, 171-172 (E.D.N.Y. 2013) the defendant reported the debt to the credit bureaus and included the court costs and fees in the amount reported, despite the fact that there was neither a judgment nor an award of the costs and fees at that time. There is no allegation that same occurred in the instant matter and therefore Plaintiffs citation to Fritz serves no useful purpose other than as an attempt to obfuscate the issue before the court.

Plaintiff similarly misapplies TD Banknorth, N.A. v Olsen, 112 A.D.3d 1169, 1170 (N.Y. App. Div. 3d Dep't 2013) where fn 1 reads: "The record also contains an affidavit of mailing attesting to the fact that, consistent with the requirements of CPLR 3215 (g) (3) (i), an additional copy of the summons was mailed to defendant in South Carolina in May 2008." Nowhere does the decision address or mention the use of or lack of a cover/transmittal letter in conjunction CPLR 3215 (g) (3) (i) as in the instant action and therefore gives no guidance as to the potential contents of a cover/transmittal letter.

Plaintiff additionally fails to address the plain language of CPLR 3215 §(g)3(i) or the cases discussing it as cited in Defendants' moving papers. The fact raised by Plaintiff that the court subsequently awarded additional fees beyond the $175 initially sought is simply irrelevant.

---

[1]  This court may consider the documents attached to the Declaration of David B. Warshaw, Esq., which consist of materials attached to the complaint as exhibits, materials incorporated in the complaint by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint and/or are also those in which this court can take judicial notice as being public records. See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) cited in L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011); also Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009). Additionally Plaintiff has raised no objection as to the authenticity or use of any of the documents attached as exhibits.

2

Defendants identified the amount sought in the complaint, they were not attempting to advise the Plaintiff what the end result or worst case scenario might be. Indeed, had Defendants followed Plaintiff's suggestion made on page 6 of her opposition, and stated that "if the court were to award judgment they would be entitled to an additional $265.00 in costs and disbursements," [2] Plaintiff would likely have sued claiming such a statement was false and deceptive. And they would be right. Plaintiff would argue that such a statement would confuse a debtor as to the amount needed to satisfy the debt. [3] Plaintiff fails to establish that the transmittal letter misstated the amount due or that the letter was a collection letter sent in an attempt to collect a debt.

B.   INCLUDING THE AMOUNT OF THE COSTS AND FEES DEFENDANTS WERE SEEKING THE COURT TO AWARD DID NOT CONSTITUTE A FALSE AND DECEPTIVE PRACTICE

Assuming arguendo that the letter in question be construed as a "collection" letter and not merely a transmittal letter, as argued by Plaintiff it still would not violate §1692e(2)(A). "Ultimately, the critical question [in determining whether a communication violates the FDCPA] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." Weiss v. Zwicker, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009)(citations and internal quotation marks omitted). Cited by Abramov v. I.C. Sys., 2014 U.S. Dist. LEXIS 146284 (E.D.N.Y. 2014) In the instant matter the message of the letter was clear: see the enclosed complaint.

Plaintiff fails to explain how the transmittal letter "could impede a consumer's ability to respond to or dispute collection" and thus constitute a violation. Gabriele v. Am. Home Mortg. Servicing, 503 Fed. Appx. 89, 94 (2d Cir. 2012). The enclosed summons has clear warnings as to the effects of ignoring the enclosed complaint and instructions:

   **IMPORTANT!! YOU ARE BEING SUED!!**

---

[2]  The court added $50.00 for Cost by Statute and $40 as an Enforcement fee when entering judgment. Warshaw Aff, Exhibit 5.

[3]  At the time the transmittal letter was sent there was an alleged debt. At a later date, that debt became a judgment, a judicial declaration that the amount sought was in fact due. See Marvin v. Stone, 2 Cow. 781, 808 (N.Y. Sup. Ct. 1824)

**THIS IS A COURT PAPER - A SUMMONS. DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED) IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!!  IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!**

"Our case law demonstrates that communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, . . . violate the FDCPA." Gabriele, Id. at 94. There is nothing misleading about the above referenced language.  The Second Circuit presumes that a debt collection "letter should be read in its entirety." McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002) (referring to a collection letter which continued on its reverse side.) In Corcia v. Asset Acceptance, LLC, 2014 U.S. Dist. LEXIS 99862, 17-19 (E.D.N.Y. 2014), where the Plaintiff was represented by Mr. Wexler, the court rejected the plaintiff's attempt to take language out of context stating "Plaintiff's contrary interpretations are the types of "bizarre or idiosyncratic interpretation[s]"   that the Court need not accept." Id. at 19. Arguing that "sought" means something other than its plain meaning is just such an interpretation.

C. THE INCLUSION OF THE WORD SOUGHT AND THE AMOUNT THEREOF IN THE TRANSMITTAL LETTER WAS NOT MATERIAL AND THEREFORE DOES NOT VIOLATE THE FDCPA

While the Second Circuit has never explicitly required that a false or misleading statement be material in order to violate § 1692e, several other circuit courts and numerous district courts within this circuit have imposed a materiality requirement. Gabriele v. Am. Home Mortg. Servicing, 503 Fed. Appx. 89, 94 (2d Cir. 2012) (collecting cases); accord Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 518 (S.D.N. Y. 2013) (additional citations omitted) ; cited in Lautman v. 2800 Coyle St. Owners Corp., 2014 U.S. Dist. LEXIS 137454 (E.D.N.Y. 2014)

Even if this court finds that the letter is a collection letter the use of the word sought is nonetheless immaterial and does not lead to a violation. "To be "material," courts in this circuit have concluded that the offending act must "influence a consumer's decision or ability to pay or challenge a debt." Kassel v. Universal Fidelity, LP, 2014 U.S. Dist. LEXIS 27657, 2014 WL 824335, *2 (E.D.N.Y. 2014); Klein v. Solomon & Solomon, P.C., 2011 U.S. Dist. LEXIS

4

127606, 2011 WL 5354250, *2 (D. Conn. Oct. 28, 2011).n1 Cited in Akoundi v. FMS, Inc., 2014 U.S. Dist. LEXIS 100259, 7-9 (S.D.N.Y. 2014). Plaintiff offers no explanation as to why advising the Plaintiff of the amount sought in the complaint would tend to meet this criteria. Since this was not a collection letter and there was no request for payment in the transmittal letter, there could be no confusion. It is akin to asking how much is that puppy in the window when the puppy is not for sale, it has no relevance. The sole purpose of the transmittal letter was to forward the SAC and had the Plaintiff read the SAC she would have been advised how to respond. There has been no evidence or allegations that Plaintiff was influenced in any way by the transmittal letter.

### D.   PLAINTIFF FAILED TO ADDRESS ANY DISCUSSION REGARDING VIOLATIONS OF §1692f(1) AND HAS THEREFORE ABANDONED ANY CLAIMS REGARDING THAT SECTION

The argument that Defendants violated §1692f(1) by attempting to collect an amount not authorized by the agreement or allowed by law is equally devoid of any merit. This is demonstrated by the fact that Plaintiff fails to provide any basis for said allegation in her opposition papers and therefore the claim must be deemed abandoned. Devito v. Barrant, 2005 U.S. Dist. LEXIS 22444, 2005 WL 2033722, at *10 (E.D.N.Y. Aug. 23, 2005); Anti-Monopoly, Inc., v. Hasbro, Inc., 958 F.Supp. 895, 907 & n. 11 (S.D.N.Y. 1997) (HN17 "failure to provide argument on a point at issue constitutes abandonment of the issue"), aff'd, 130 F.3d 1101 (2d Cir.1997); cert. denied, 525 U.S. 813, 119 S. Ct. 48, 142 L. Ed. 2d 37. Cited in Di Giovanna v. Beth Israel Med. Ctr., 651 F. Supp. 2d 193, 208 (S.D.N.Y. 2009)

### II.   PRESSLER'S TEMPORARY REVOCATION OF ITS STATUS AS A NEW YORK REGISTERED FOREIGN LIMITED LIABILITY PARTNERSHIP DOES NOT SUPPORT A FINDING THAT THE FILING OF THE STATE COURT COLLECTION ACTION VIOLATED THE FDCPA OR THE NEW YORK GENERAL BUSINESS LAW

In her opposition papers, Plaintiff makes three basic arguments regarding Pressler's status as a Registered Foreign Limited Liability Partnership: (A) that Pressler committed an illegal act by filing the lawsuit against Plaintiff while its status as a Registered Foreign Limited Liability Partnership was temporarily revoked, (B) that the plain language of §1692e(5) should be expanded and pursuant to the requested expansion Pressler violated the FDCPA and (C) that

these two aforementioned alleged violations support a claim under New York General Business Law ("NYGBL") §349. Plaintiff fails to provide legal support for any of these claims.

## A. PRESSLER'S TEMPORARY REVOCATION OF ITS STATUS AS A NEW YORK REGISTERED FOREIGN LIMITED LIABILITY PARTNERSHIP WAS ANNULED BY ITS SUBSEQUENT COMPLIANCE

Plaintiff's opposition to the instant motion to dismiss focuses on state and city licensure laws and authority for corporations to conduct business. However Plaintiff fails to address NY CLS Partn § 121-1502, the operative governing statute in the instant matter. NY CLS Partn § 121-1502 (f)(1) states in pertinent part:

> If a New York registered foreign limited liability partnership shall not timely file the statement required by this subdivision, the department of state may, upon sixty days' notice mailed to the address of such New York registered foreign limited liability partnership . . . make a proclamation declaring the status of such New York registered foreign limited liability partnership to be revoked pursuant to this subdivision.
>
> Any New York registered foreign limited liability partnership whose status was so revoked may file in the department of state a certificate of consent certifying that either a statement required by this subdivision has been filed or accompanies the certificate of consent and all fees imposed under this chapter on the New York registered foreign limited liability partnership have been paid. <u>The filing of such certificate of consent shall have the effect of annulling all of the proceedings theretofore taken for the revocation of the status of such New York registered foreign limited liability partnership under this subdivision</u> and (1) the New York registered foreign limited liability partnership shall thereupon have such powers, rights, duties and obligations as it had on the date of the publication of the proclamation, with the same force and effect as if such proclamation had not been made or published (emphasis added)

Plaintiff opposition rests solely on the conclusory statement that filing the [state court collection complaint] lawsuit was "an action that Pressler could not legally take." Plaintiff relies on two cases, only one from this circuit, where there were strict licensing laws in effect [4], for this assertion. See <u>Williams v. Goldman & Steinberg, Inc.</u>, 2006 U.S. Dist. LEXIS 50222 (E.D.N.Y. July 21, 2006) and <u>Bradshaw v. Hilco Receivables, LLC</u>, 765 F. Supp. 2d 719, 722 (D. Md. 2011). Both cases are distinguishable from the instant matter. Unlike the instant matter where

---

[4] NY., Admin Code tit. 20, ch. 2, § 20-490; The Maryland Collection Agency Licensing Act, *MD. CODE ANN., BUS. REG., § 7-101, et seq.* ("MCALA")

Pressler is a law firm, both the defendants in Williams and Bradshaw were collection agencies. Bradshaw, supra at 26. [5]

Reliance on Williams to establish a violation of the FDCPA is misplaced as it has been disavowed by other courts in this circuit. "[A]mple case law in the Second Circuit indicates that the mere failure to possess a license in violation of [New York Administrative Code] § 20-490 does not constitute a per se violation of the FCDPA." Williams v. Deutsche Bank Nat'l Trust Co., 11 Civ. 2607 (LBS), 2011 U.S. Dist. LEXIS 132084, at *3-4 (S.D.N.Y. Nov. 16, 2011) (collecting cases)[6]. Cited in Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 2012 U.S. Dist. LEXIS 43280, 16-17 (E.D.N.Y. Mar. 28, 2012). See also Torres v. Toback, Bernstein & Reiss LLP, 2014 U.S. Dist. LEXIS 36925, 16-18 (E.D.N.Y. Mar. 14, 2014); Price v. M.R.S. Assocs., 2014 U.S. Dist. LEXIS 87803, 12-15 (E.D.N.C. 2014) (Collecting cases from other jurisdictions)

William L. Bonnell Co. v. Katz, 23 Misc.2d 1028, 1031, 196 N.Y.S.2d 763, 768 (Sup. Ct. 1960) cited by Plaintiff is equally of no consequence to the instant matter as it concerns a violation of "section 218 of the General Corporation Law requiring a foreign corporation doing business in New York to have a certificate of authority." Id. at 1030. In Bonnell, the court was asked to decide whether the plaintiff, a Georgia corporation could maintain a suit against the defendant in a New York court without a certificate of authority and whether the maintenance of that suit was in and of itself "doing business" sufficient to require the certificate of authority. Bonnell offers no support to Plaintiff's argument that a filing while registration was temporarily is a per se violation of the FDCPA. As for the argument that the filing was "illegal" Plaintiff has offered no legal support for said assertion. See below for additional discussion

---

[5] While there is no identification as to Goldman & Steinberg, Inc.s business status in the decision, an internet search of the company reveals it to be a collection agency with a principle location of 500 Cortlandt St, Belleville, NJ 07109-3331

[6] Of note is the fact that instant counsel, Shimshon Wexler represented the plaintiff in Williams v. Deutsche Bank Nat'l Trust Co. and therefore knew his instant argument as to the effect of licensure was meritless.

**B. EVEN IF THE FILING OF THE STATE COURT COLLECTION ACTION WAS FOUND TO BE ILLEGAL, WHICH IT IS NOT, UNDER THE PLAIN LANGUAGE OF §1692e(5) IT WOULD NOT CONSTITUTE A VIOLATION AS THIS SECTION PROHIBITS THREATS ONLY AND NOT THE ACTS THEMSELF**

Subsection 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> When interpreting a federal statute, "the role of the courts...is to give effect to Congress's intent." Alston v. Countrywide Fin. Corp., 585 F.3d 753, 759 (3d Cir. 2009) (quoting United States v. Diallo, 575 F.3d 252, 256 (3d Cir. 2009)). Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute." Id. Where the language of the statute is plain, "the sole function of the courts...is to enforce it according to its terms." Khodara Environmental, Inc. v. Blakey, 376 F.3d 187, 199 (3d Cir. 2004) (quoting Lamie v. United States Tr., 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004)).

Dicesari v. Asset Acceptance LLC, 2012 U.S. Dist. LEXIS 133168, 7-8 (E.D. Pa. 2012)

In Dicesari, a law firm sued the plaintiff on behalf of a debt buyer client. The plaintiff claimed that the debt buyer lacked standing (i.e. sufficient proof that it owned the debt) and therefore the filing of a state court collection complaint violated § 1692e(5). The Dicesari court found that "The plain language of § 1692e(5) extends only to threats of action that cannot legally be taken. . . but not illegal actions that are actually taken" Id. at 8. An explanation for this position is "Congress might have decided that actual violations of law would be protected by state tort law and processes whereas threats, which are often not prohibited as vigorously by state tort or statutory law, required special protection." Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 519-520 (S.D.N.Y. 2013)

**C.  THE ALLEGED VIOLATIONS DO NOT SUPPORT A CLAIM UNDER NEW YORK GENERAL BUSINESS LAW ("NYGBL") §349.**

> To state a claim under § 349, a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result. Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam). "Deceptive practices" are "acts which are dishonest or misleading in a material respect." Kramer v. Pollock-Krasner Found., 890 F. Supp. 250, 258 (S.D.N.Y. 1995). "'Deceptive acts' are defined objectively [] as acts likely to mislead a reasonable consumer acting reasonably under the

8

circumstances." Boule v. Hutton, 328 F.3d 84, 94 (2d Cir. 2003) (internal quotation marks omitted).

Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. N.Y. 2009). Plaintiff fails to identify how she was misled other than her claim that the temporary revocation of Pressler's registration somehow meets that criteria. Plaintiff failed to act in a reasonable manner, she ignored the complaint and allowed a default to enter against her (¶7, Warshaw Declaration).

Plaintiff has also failed to identify the injury she suffered beyond the conclusory statements in the complaint that the mere attempt to collect the debt is an injury. Plaintiff offers no factual support for this theory. Plaintiff nowhere denies that she had the account which gave rise to the lawsuit or that she owed the money claimed in the complaint. She does not claim to have incurred legal fees in the defense of the state court collection case, nor could she since she ignored the complaint and all mailings sent to her regarding the entry of default judgment.

The claim "that she was injured as a result of Pressler's failure to be registered because she was subjected to a lawsuit that she never should have been subjected to" simply makes no sense. Plaintiff's own actions demonstrate that the lawsuit had no effect on her whatsoever. She ignored the lawsuit and allowed default to be entered. There have been no allegations made that the lawsuit itself contained any infirmities or inaccuracies. In essence it is the messenger (filing attorneys) and not the message (the lawsuit) which is at issue. Plaintiff fails to articulate any cognizable injury and therefore her claim under GBL §349 is deficient. Spagnola v. Chubb Corp., Id. at 74.

## CONCLUSION

Based both on the arguments of Defendants moving papers and those added above, and the lack of any meaningful opposition to Defendants' arguments, Defendants are entitled to a dismissal of the instant action. Based on the facts as argued by both sides any attempt by Plaintiff to amend would likely be futile and therefore the dismissal should be with prejudice.

Respectfully submitted,
PRESSLER & PRESSLER, LLP

By: *s/Mitchell L. Williamson*

Mitchell L Williamson

9