*The Law Offices of Shimshon Wexler, PC*
*216 West 104th St., #129*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

May 11, 2015

VIA CM/ECF
Hon. Judge Ramon E. Reyes, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn NY 11201

RE:   Hendy Cohn, individually and on behalf of a class v. New Century Financial Services, Inc.; and Pressler & Pressler, LLP

   E.D.N.Y. Case No. 14-CV-2855-RER

Dear Judge Reyes:

I am counsel for the Plaintiff in the above-entitled class action. Pending before Your Honor is Defendants' Motion for Judgment on the Pleadings. I am corresponding herein to supplement the record based upon the issuance of recent case law which provides further legal support for the Plaintiffs' opposition to the pending motion.

The Amended Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and General Business Law § 349 ("GBL 349"). Pressler is alleged to have violated the FDCPA by sending a collection letter to Plaintiff indicating the current balance on Plaintiff's New Century account was $7,844.28, by writing, "amount sought: $7,844.28 which includes filing and service costs of $175.00." See Exhibit A to the Complaint. Plaintiff alleges that this is an inflated current balance, because Plaintiff did not owe the $175.00 at the time of the sending of the letter according to New York law. Pressler and New Century also violated the FDCPA and GBL 349 by filing a lawsuit against Plaintiff on behalf of New Century, while its registration to conduct business in New York had been revoked.

In their Reply in support of the motion for judgment on the pleadings, Defendants' state "[t]he claim "that [plaintiff] was injured as a result of Pressler's failure to be registered because she was subjected to a lawsuit that she never should have been subjected to" simply makes no sense."

The recent case law to which I referred heretofore herein is *Mayfield v Asta Funding, Inc.*, 2015 WL 1501100 (S.D.N.Y. March 31, 2015). I include a copy of the decision herewith as Exhibit A. In that case, the "Pressler Defendants move to dismiss Count IV for failure to state a cause of action under New York General Business Law § 349." However, the Court upheld the GBL 349 claim. "Defendants' deceptive conduct is consumer-oriented and harmful to the public interest in that consumers are forced to respond to the fraudulent lawsuits or else face the penalty of

wrongful default judgments, garnished wages, restrained bank accounts and impaired credit opportunities." *Mayfield* at 10.

I thank the Court for its consideration of this request.

                                                          Respectfully Submitted,

                                                          __/s Shimshon Wexler

Cc: All Counsel of Record via CM/ECF