| | **PRESSLER AND PRESSLER, LLP** | | |
|---|---|---|---|
| MAURICE H. PRESSLER (1930-2002) | COUNSELLORS AT LAW | MICHAEL J. PETERS (NJ & NY) | RITA E. AYOUB |
| SHELDON H. PRESSLER | 7 Entin Rd. | ROBERT B. SOZIO | STEVEN A. LANG |
| ------------------ | Parsippany, NJ 07054-5020 | LORI R. CETANI (NJ & NY) | DARYL J. KIPNIS |
| GERARD J. FELT | Off: (973) 753-5100 | CHRISTOPHER P. ODOGBILI | HAROLD D. WEST |
| LAWRENCE J. McDERMOTT, JR. | Toll Free: (888)312-8600 | CRAIG S. STILLER (NY & PA) | ALANA M. CARRION |
| DAVID B. WARSHAW (NJ, NY & MA) | Fax: (973) 753-5353 | JEFFREY E. BONDOC (NJ & NY) | BARRY A. ROSEN (PA) |
| ------------------ | | | |
| MITCHELL L. WILLIAMSON (NJ & NY) | | | |
| RALPH GULKO (NJ, NY & PA) | | | |
| FRANCIS X. GRIMES (NJ & PA) | | | |
| DARREN H. TANAKA (NJ & NY) | | | |
| GERMAN ROZENCRANC (NJ & NY) | | | |

NY Office: 305 Broadway, 9th Floor, New York, NY 10007 · Office: (516)222-7929 · Fax: (973)753-5353

PA Office: 600 West Germantown Pike, Suite 400, Plymouth Meeting, PA 19462 · Office (215)576-1900 · Fax: (973) 753-5353

E-MAIL: Pressler@Pressler-Pressler.com

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

Please Reply To:
[X] New Jersey Office  [ ] New York Office  [ ] Pennsylvania Office

May 15, 2015

*Via ECF*
Hon. Ramon E. Reyes, Jr., U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Brooklyn, New York 11201

> **Re:    Hendy Cohn v. New Century Financial Services, Inc. and Pressler & Pressler, LLP**
> United States District Court for the Eastern District of New York (Brooklyn)
> Civil Action No. 1:14-cv-02855-RER
> P&P File # C269997A

Dear Judge Reyes:

This office represents Defendants, New Century Financial Services, Inc. ("NCFSI") and Pressler & Pressler, L.L.P. ("Pressler") in the above-referenced matter. Kindly accept this letter brief in lieu of a more formal response to Plaintiff's submission of supplemental authority regarding Defendants' motion currently pending before Your Honor.

Plaintiff cites to the recent decision in Mayfield v. Asta Funding, Inc., 2015 WL 1501100 (S.D.N.Y. 2015) as supplemental authority relevant to Defendants' motion. Mayfield is a trial court opinion which is not binding authority. Mayfield also provides no guidance on any issue currently before this Court relative to Defendants' motion to dismiss.

The factual allegations in Mayfield[1] are as follows:

> Plaintiffs allege that Defendants brought consumer debt lawsuits against them without sufficient evidence to prove the debt, filed fraudulent affidavits in support of their claims and engaged in "sewer service" so that Plaintiffs never received notice of the suits. When Plaintiffs failed to appear in court, Defendants obtained and enforced default judgments.

---

[1] Note that Mayfield was a motion to dismiss where the factual allegations from the complaint are taken as true.

*Cohn v. New Century Financial Services, Inc. et al*
*1:14-cv-02855-RER*
*Page 2*

Id. at *1.  The claims in Mayfield were brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1691 ("RICO"), New York General Business Law § 349 ("NYGBL"), and New York Judiciary Law § 487.  Ibid.

The allegations by the instant Plaintiff have absolutely no similarity when compared with the allegations in Mayfield.  Plaintiff herein claims:

- The Pressler letter which contained the phrase "Amount Sought: $7,844.28 which includes filing and service" violates the FDCPA by misrepresenting the debt (1692e) and is an unfair practice by adding an unauthorized fee to the debt (1692f); and
- Pressler's temporary inactive status as a Foreign Registered Limited Liability Partnership in New York was a violation of NYGBL § 349.

Pressler has contended that both the plain language used in the letter is clear, i.e. Pressler's client "sought" (or was seeking) $7,844.28 not that $7,844.28 is due and owing by the debtor.  Pressler also contends that the language in the letter is not material.

With respect to the registration status, Pressler has contended that once the appropriate registration fee was paid, New York Partnership law holds that the "inactive" status was annulled.  NY CLS Partn § 121-1502 (f)(1).

The Court's finding in Mayfield that the claims, as alleged, stated a cause of action simply have no bearing on the issues and arguments involved in Defendants' motion to dismiss.  Accordingly, Defendants respectfully submit that Mayfield is inapposite and request that the motion be granted.

    Respectfully submitted,
    PRESSLER & PRESSLER, LLP

    *Mitchell L Williamson*
    Mitchell L Williamson

Cc:   Plaintiff's counsel via ECF