# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 14-CV-02855 (RER)

———————————

## HENDY COHN, on behalf of herself and the classes defined herein,

Plaintiff,

VERSUS

## NEW CENTURY FINANCIAL SERVICES, INC. AND PRESSLER & PRESSLER, LLP

Defendants.

———————————

### MEMORANDUM AND ORDER

———————————

**RAMON E. REYES, JR., U.S.M.J.:**

Hendy Cohn ("Plaintiff") brought this putative class action against New Century Financial Services, Inc. ("New Century") and Pressler & Pressler, LLP ("Pressler") (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p and N.Y. General Business Law ("GBL") § 349. On July 21, 2014, Defendants filed their respective answers (Dkt. Nos. 12-13), and thereafter moved for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) (Dkt. No. 20). For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

### BACKGROUND[1]

New Century is a debt collection agency that purchases defaulted debt. (Compl. ¶¶ 13-14.) Pressler, a foreign limited liability partnership law firm, collects defaulted debts for others, including New Century. (*Id.* ¶¶ 7-8, 17.) Pressler states

---

[1] On this 12(c) motion, the Court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citation and quotation marks omitted).

on its website that it is a "total retail collection environment." (*Id.* ¶ 10.) *See* PRESSLER AND PRESSLER LLP, https://www.pressler-pressler.com/ (last visited June 7, 2016). Pressler registered with the New York Department of State as a foreign registered limited liability partnership on March 22, 2007, but its registration was revoked effective July 25, 2012, and remained as such during all relevant times. Attached to the Complaint is a print-out from a search of the Department of State database performed on May 1, 2014, which shows Pressler's status as "inactive." (Compl., Exh. B.)

New Century—through its attorney, Pressler—filed a debt collection lawsuit against Plaintiff in New York Civil Court, seeking to recover the $7,669.28 that she owed on her personal Citibank account, plus costs and disbursements. (Compl. ¶¶ 15, 17; Dkt. No. 20-3 at 6-7.) On October 28, 2013, Pressler sent Plaintiff a letter on behalf of New Century, along with a copy of the summons and complaint for the state court action. (Compl. ¶ 15; Compl., Exh. A ("October 28, 2013 Letter"); Dkt. No. 20-3 at 4-7 ("summons and complaint").) The October 28, 2013 Letter is a "standard form document" that Pressler "regularly" sends to collect delinquent debts. (Compl. ¶¶ 26, 28.) Indeed, "[m]ore than 100 examples of [this letter] have been sent out during the last 12 months." (*Id.*) The October 28, 2013 Letter reads, in relevant part, as follows:

"Amount Sought: $7,844.28 which includes filing and service costs of $175.00."

\* \* \*

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE FOR THAT PURPOSE.

Further, the October 28, 2013 Letter, as well as the enclosed summons and complaint, include a signature line that identifies Pressler as the "Attorneys for Plaintiff [New Century]" and an electronic endorsement by Mitchel E. Zipkin ("Zipkin"). A search of the Attorney Directory reflects that Zipkin was admitted to practice law in New York in 2009. *See* NEW YORK STATE UNIFIED COURT SYSTEM, https://iapps.courts.state.ny.us/attorney/AttorneySearch (last visited June 7, 2016).

The balance on Plaintiff's account was not $7,844.28. (Compl. ¶¶ 22.) Rather, the "Amount Sought" referenced in the October 28, 2013 Letter included "filing and service costs" to which New Century would be entitled only after judgment had been entered. (*Id.* ¶¶ 21-22.) At the time the October 23, 2013 Letter was sent, the state court had not entered judgment against Plaintiff (*id.* ¶ 24), and thus the "Amount Sought" added "an unauthorized, unwarranted, excessive, and unlawful $175 charge account" (*id.* ¶ 36).

On January 24, 2016, a default judgment was entered against Plaintiff in the debt collection action for $7,934.28. (Dkt. No. 20-3 at 13.)

## DISCUSSION

### I. FED. R. CIV. P. 12(c)

On a 12(c) motion, district courts apply the "same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party," *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)

(citation omitted), unless the allegations are "supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). To survive a Rule 12(c) motion, the complaint must allege "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). "[A] complaint should not be dismissed under Rule 12(c) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (citation and quotation marks omitted).

## II. FDCPA

The FDCPA bars the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," § 1692(e), and sets forth a non-exhaustive list of proscribed conduct, including "[t]he false representation of . . . the character, amount or legal status of any debt," § 1692(e)(2)(A), and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," § 1692(e)(5). Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," which includes, as relevant here, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," § 1692f(1).

In analyzing FDCPA claims, courts in the Second Circuit construe debt collection letters "from the perspective of the least sophisticated consumer." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (citation and quotation marks

omitted). Accordingly, courts consider "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message.'" *Weiss v. Zwicker & Associates, P.C.*, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009) (alterations in original; internal quotation marks omitted) (quoting *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d at 363). "[B]izarre or idiosyncratic" interpretations, however, fall outside the ambit of FDCPA protection. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).

### A. Threshold Inquires

The Court easily dispenses with Defendants' two arguments implicating the definitions of "communication" and "debt" under the FDCPA. First, Defendants argue that the October 28, 2013 Letter was merely a "transmittal letter" that accompanied the "additional notice" mandated by state law prior to entry of default judgment. N.Y.C.P.L.R. § 3215(g)3(i). Be that as it may, § 1692a(2) of the FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Given this very broad definition, *Romea v. Heiberger & Assoc.*, 163 F.3d 111, 113 n.2 (2d Cir. 1998), Defendants cannot seriously dispute that the October 28, 2013 Letter, which directly conveys information about a pending debt collection proceeding against Plaintiff, is a covered communication. Indeed, Defendants' argument is all but foreclosed by the explicit warning "THIS IS AN ATTMEPT TO COLLECT A DEBT" appearing at the bottom of the October 28, 2013 Letter.

Second, Defendants argue that Plaintiff has failed to sufficiently allege a "debt" within the meaning of the FDCPA. *See*

FDCPA § 1692a(5) (defining "debt" as a financial obligation "primarily for personal, family, or household purposes"). Plaintiff alleges that New Century sought to collect a debt "emanating from a personal Citibank account." (Compl. ¶ 17.) This factual allegation, in combination with other allegations explicitly referencing the statutory definition of "debt" (*id.* ¶¶ 17-18), is sufficient to satisfy Plaintiff's pleading obligations, albeit just barely.

Accordingly, the Court rejects Defendants' definitional challenges, and finds that Plaintiff has plausibly alleged a "communication" and "debt" within the meaning of the FDCPA.

**B.  Amount of the Debt**

Plaintiff argues that the October 23, 2013 Letter states an inflated balance by including $175 for filing and service costs that had not yet been awarded against Plaintiff. Defendants do not, and indeed cannot, contest that New Century was not entitled to an award of costs until judgment was entered against Plaintiff on January 26, 2014. *See Fritz v. Resurgent Capital Servs.*, *LP*, 955 F. Supp. 2d 163, 171 (E.D.N.Y. 2013) (citing N.Y.C.P.L.R. § 8101 ("The party in whose favor a judgment is entered is entitled to costs in the action . . . .")). Rather, Defendants criticize Plaintiff for analyzing the October 23, 2013 Letter in insolation to arrive at an objectively unreasonable interpretation of its contents.

Courts have found FDCPA violations where the communication states an amount of the debt that includes legal penalties, statutory penalties, or unassessed court costs. *See Veach v. Sheeks*, 316 F.3d 690, 692-93 (7th Cir. 2003) ("Since Veach cannot be held liable for treble damages, court costs, or attorney's fees *until* there has been a judgment by a court, they cannot be

part of the "remaining principal balance" of a claimed debt."); *Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163, 172 (E.D.N.Y. 2013) (finding plausible FDCPA violation where debtor reported to credit reporting agency amount that included court costs not yet awarded); *Goins v. JBC & Assocs., P.C.*, 352 F. Supp. 2d 262, 264 (D. Conn. 2005) (holding that amount representing "maximum obtainable statutory damages" violated the FDCPA).

Specifically, in *Veach v. Sheeks*, the Seventh Circuit considered a notice of claim that stated as "Remaining principle balance" an amount that reflected treble damages the debt collector was allowed to pursue under state law. The Seventh Circuit found the language problematic for FDCPA purposes for two reasons: one, "[the debt collector] took it upon himself to hold [the debtor] liable for legal penalties that had not yet been awarded," and two, those penalties "should have been separated out from the amount of the debt." 316 F.3d at 692.

Here, the October 23, 2013 Letter suffers from the same two flaws. It states an amount representing not only the actual amount of the debt owed, but costs that that had not yet been awarded against Plaintiff by the state court. Contrary to Defendants' contention, the oblique language "Amount Sought" fails to clearly and effectively inform the least sophisticated consumer "the amount represented what they were petitioning the court to award" (Dkt. No. 20-1 at 13), but rather leaves the mistaken impression that Defendants required $ 7,844.28 from Plaintiff to satisfy the outstanding financial obligation. Nothing in the October 23, 2016 Letter, even when read in conjunction with the accompanying summons and complaint, apprises the recipient that the stated amount includes an anticipated award of costs. While Defendants make much of the fact that the summons and complaint stated the

actual debt of $7,669.28, the two different amounts offers only more confusion; the least sophisticated consumer is left uncertain which amount is required to discharge his debt. Part of this confusion, of course, stems from the failure to separate out the amount of the debt from the expected award of costs. Rather than break out the components of the "Amount Sought"—which would have served to reinforce the demand in the accompanying summons and complaint—Defendants left it to Plaintiff to compute the actual amount of the debt.

Accordingly, the Court finds the least sophisticated consumer would reasonably interpret the "Amount Sought" language to mean that that payment of $ 7,844.28 was required to discharge her debt. Assuming a materiality requirement to the FDCPA, the Court further finds the disputed language leaves a misimpression as to the amount of the debt "could impede a consumer's ability to respond to or dispute collection," and thus this language had a material effect to constitute a FDCPA violation. *Gabriele v. Am. Home Mortgage Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012).

As, the Court finds that Plaintiff has stated a claim under §§ 1692e(2)(A) and 1692f(1), Defendants' motion for judgment as to these claims is denied.

### C. Registration Revocation

Plaintiff argues that Pressler, as a foreign limited liability partnership, was not authorized to file a lawsuits on behalf of its clients in state court when its registration with the Department of State had been revoked. Based on this purported unauthorized and deceptive conduct, Plaintiff asserts claims under § 1692e(5) and GBL § 349.

In their briefs, the parties argue this issue at great length, but it appears the answer is relatively straight forward: As a New Jersey law firm, acting through an attorney authorized to practice law in New York State, Pressler need not obtain authorization to do business in New York to commence a lawsuit on behalf of its client. *See Reem Contracting v. Altschul & Altschul*, 986 N.Y.S.2d 446, 448 (1st Dep't 2014). "While any purported noncompliance with [licensure requirements] might have other consequences, it does not affect the ability of the firm's attorneys to practice in New York and thus to commence these proceedings representatively." *Id.*

Accordingly, Plaintiff has failed to plausibly allege that Pressler took an action that cannot legally be taken in violation of § 1692e(5), or that the legal services provided by Pressler was "materially misleading" to constitute a violation of GBL § 349, *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621, (2009). Because Plaintiff can prove no set of facts regarding the legal services provided by Pressler that would entitle him to relief under § 1692e(5) and GBL § 349, Defendants' motion on these claims must be granted.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED with respect to the FDCPA § 1692e(5) and GBL § 349 claims. Defendants' motion is otherwise DENIED.


SO ORDERED.


_Ramon E. Reyes, Jr._
Ramon E. Reyes, Jr.
U.S. Magistrate Judge

Dated: June 7, 2016
        Brooklyn, NY