**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――― x
HENDY COHN, on behalf of herself
and the classes defined herein,

                Plaintiff,

v.

NEW CENTURY FINANCIAL SERVICES,
INC., and PRESSLER & PRESSLER, LLP,

                Defendants.
―――――――――――――――――――――― x

CASE NO.: 1:14-CV-02855-RER

**FINAL APPROVAL ORDER**

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, HENDY COHN ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendants, NEW CENTURY FINANCIAL SERVICES, INC., and PRESSLER & PRESSLER, LLP ("Defendants"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and Defendants.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> **All persons to whom Defendant, Pressler & Pressler, LLP, from May 6, 2013 through July 15, 2016 sent to a New York address a collection letter with respect to a consumer debt where the collection letter included language stating that there was an "Amount Sought: $[amount] which includes filing and service costs of $[amount]" and the letter was not returned undeliverable to Pressler & Pressler, LLP.**

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact

predominate over any questions affecting only individual Settlement Class members, and included whether or not Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* by sending standardized collection letters to the Plaintiff and Settlement Class members which letters contained alleged unauthorized, unwarranted, excessive, and unlawful charges to Plaintiff's alleged debt; (C) the claim of Plaintiff is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Shimshon Wexler and Jacob Scheiner, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4.  The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 13,451 Settlement Class members by A.B. Data, Inc., the third-party settlement administrator. A total of 695 envelopes were returned by the United States Postal Service, 11 of which were returned with forwarding addresses and re-mailed. Four Settlement Class members requested exclusion, and no objections were filed or received. A total of 842 Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement.

5.  On April 27, 2017, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are those persons, identified in the declaration of Eric Schachter attached hereto, who timely and validly requested exclusion.

6.  The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

(a) Defendant will create a class settlement fund of $50,445.00 ("Class Recovery"), which Class Counsel will distribute *pro rata* among those Settlement Class Members who do not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to the National Consumer Law Center.

(b) Defendant shall pay Plaintiff $2,000.00.

(c) Class Counsel will receive attorneys' fees and costs in the amount of $40,000. Class Counsel will not request additional fees or costs from Defendant or the Settlement Class members.

8. The Parties grant the following releases:

(a) Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendants, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendants) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendants' collection activity.

(b) Pursuant to the Agreement, the Settlement Class members release claims as follows:

      i.    As a result of the settlement that has been approved in this matter, when this judgment becomes effective upon the final approval date, each member of the Settlement Class, for themselves, their heirs, successors, and assigns shall have jointly and severally remised, released, acquitted and forever discharged the RELEASED PARTIES of and from any and all actions, causes of action, suits, liability, covenants, controversies, agreements, promises, damages, judgments, demands, and claims in law or in equity that each member of the Settlement Class, as defined herein, asserted or could have asserted as a result of, arising out of, or in connection with the collection letter that is attached as **Exhibit A** to Plaintiff's complaint in this action [Doc. 1].

(c)    Plaintiff and each Settlement Class member DO NOT release any defense they may have with respect to the underlying debts which Defendant was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

(d)    Defendant does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts Defendants sought to collect are not unaffected by the Agreement. This Agreement does not prevent Defendants from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

9.    The Court finds the Agreement is fair and made in good faith.

10.    The terms of the Agreement are incorporated into this Order.

11.    This Order resolves all claims against all parties in this action and is a final order. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12.    The matter is hereby dismissed with prejudice and without costs except that the Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13.    The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

IT IS SO ORDERED:

/s/RER
_____
HONORABLE RAMON E. REYES, JR.
United States Magistrate Judge

Dated: 4/27/17